IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 32881

| | |
|---|---|
| ANISSA STOUT, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | )   Boise, February 2007 Term |
| v. | ) |
| | )   2007 Opinion No. 61 |
| KEY TRAINING CORPORATION, dba | ) |
| NORTHWEST LINEMAN COLLEGE, | )   Filed: April 11, 2007 |
| | ) |
|     Defendant-Respondent. | )   Stephen W. Kenyon, Clerk |
| | ) |
| | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Honorable Kathryn A. Sticklen, District Judge.

District court order denying attorney fees, <u>affirmed.</u>

Michael B. Schwarzkopf, Boise, argued for appellant.

Trout, Jones, Gledhill, Fuhrman, P.A., Boise, for respondent. Rory Rolland Jones argued.

---

BURDICK, Justice

This case asks us to decide whether I.C. § 67-5908(3) or I.C. § 12-120(3) allows an award of attorney fees to an employee bringing a successful employment discrimination claim under the Idaho Human Rights Act.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Anissa Stout, brought four claims against Respondent, Key Training Corp. (Key Training): (1) violation of the Idaho Human Rights Act (I.C. § 67-5909); (2) termination in violation of public policy; (3) intentional infliction of emotional distress; and (4) breach of contract. Key Training then moved for summary judgment. The district court granted the motion on all claims except for the statutory claim. The district court noted that the parties agreed there were issues of fact on the statutory claim and that the parties agreed Key Training was entitled to summary judgment on the public policy claim.

1

A jury trial was held on the statutory claim in which Stout contended her former employer, Key Training, violated the Idaho Human Rights Act by discriminating against her because of gender and pregnancy. After a trial, the jury awarded Stout $50,927.16. Stout then moved the district court for an award of reasonable attorney fees pursuant to I.C. § 12-120(3) and I.C. § 67-5908. The district court denied Stout's request for attorney fees. Stout timely appealed that order to this Court.

## II. ANALYSIS

The district court's decision to award attorney fees is reviewed under the abuse of discretion standard. *Contreras v. Rubley*, 142 Idaho 573, 576, 130 P.3d 1111, 1114 (2006). However, when an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies. *Id.* "The interpretation of a statute is a question of law over which this Court exercises free review." *Carrier v. Lake Pend Oreille Sch. Dist. #84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006). We must construe a statute to give effect to the legislature's intent. *Id.*

Stout argues that she is entitled to an award of attorney fees on her successful employment discrimination claim pursuant to I.C. § 67-5908(3) and I.C. § 12-120(3). Additionally, both parties argue they are entitled to attorney fees on appeal. Each argument is addressed in turn.

### A. Stout is not entitled to attorney fees under I.C. § 67-5908(3)

Stout argues that she is entitled to attorney fees pursuant to I.C. § 67-5908(3) because she would be entitled to attorney fees under federal employment discrimination law and because the legislature intended the courts have broad remedial discretion when enforcing the Idaho Human Rights Act.

Idaho Code § 67-5908(3) states:

> In a civil action filed by the commission or filed directly by the person alleging unlawful discrimination, if the court finds that unlawful discrimination has occurred, its judgment shall specify an appropriate remedy or remedies therefor. Such remedies may include, but are not limited to:

> (a)     An order to cease and desist from the unlawful practice specified in the order;

> (b)     An order to employ, reinstate, promote or grant other employment benefits to a victim of unlawful employment discrimination;

2

(c)      An order for actual damages including lost wages and benefits, provided that such back pay liability shall not accrue from a date more than two (2) years prior to the filing of the complaint with the commission or the district court, whichever occurs first;

(d)      An order to accept or reinstate such a person in a union;

(e)      An order for punitive damages, not to exceed one thousand dollars ($1,000) for each willful violation of this chapter.

We construe a statute so as to give effect to legislative intent. *Carrier,* 142 Idaho at 807, 134 P.3d at 658. The legislative intent reflected in I.C. § 67-5901 allows our state courts to look to federal law for guidance when interpreting the Idaho Human Rights Act.[1] *O'Dell v. Basabe*, 119 Idaho 796, 811, 810 P.2d 1082, 1097 (1991).

The district court correctly analyzed Stout's claim:

> Stout asserts that the . . . language of [I.C. § 67-5908(3)], especially when read in conjunction with the federal statutes it implements, permits an award of attorney fees. The Idaho Human Rights Act itself does not contain any express provision relating to attorney fees. The Court has reviewed the relevant federal statute, 42 U.S.C. § 2000e-5. That statute contains a provision similar to that set forth above, in that it allows a court to grant "any other equitable relief." 42 U.S.C. § 2000e-5(g)(1). However, unlike the Idaho statute, the federal statute also contains an express provision for an award of attorney fees. 42 U.S.C. § 2000e-5(k). The Court has compared the above-quoted language to similar language in the Idaho Consumer Protection Act, Idaho Code § 48-608(1), which provides that the court may grant "other appropriate relief." That statute also contains a specific section relating to attorney fee awards, 48-608(4). The Court concludes from its review of the foregoing authorities that since the Idaho Human Rights Act does not make express allowance for an award of attorney fees, the legislature did not intend that such an award would be available.

In this case, an analysis of federal law does not lead to the conclusion that the Idaho Human Rights Act includes the remedy of attorney fees. The federal Civil Rights Act specifically provides for attorney fees while the Idaho Human Rights Act does not. Furthermore, the federal Civil Rights Act provision allowing for an award of attorney fees had been enacted

---

[1] Idaho Code § 67-5901 states:

> The general purposes of this chapter are: (1) [t]o provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended, and Titles I and III of the Americans with Disabilities Act.

long before the Idaho Human Rights Act remedy provision.[2]  Yet, the Idaho legislature chose not to include attorney fees in its remedy provision.

No language in the Idaho Human Rights Act indicates that the legislature contemplated remedies which go toward the legal expense of enforcing the act.  As demonstrated by the language in the Idaho Consumer Protection Act, when the legislature intends to provide for an award of attorney fees, it does so.  It is reasonable, then, to infer that the legislature did not intend the expense of enforcement to fall under the I.C. § 67-5908(3) statutory remedial provision especially in light of the fact that the federal civil rights law expressly allowed for an award of attorney fees when I.C. § 67-5908(3) was enacted.  Therefore, we affirm the district court and hold that I.C. § 67-5908(3) does not allow for an award of attorney fees.

**B. Stout is not entitled to attorney fees under I.C. § 12-120(3)**

Stout argues she should be awarded attorney fees pursuant to I.C. § 12-120(3), which allows attorney fees in actions relating to contract for services, because based on a sequence of events below it would be unfair to deny her attorney fees under this statute.  Key Training argues that Stout is not entitled to attorney fees under I.C. § 12-120(3) because Stout prevailed on a statutory claim, not a contract claim.[3]

We have held that termination of employment at will in violation of public policy is a contract action which results in contract damages.  *Hummer v. Evans*, 129 Idaho 274, 280, 923 P.2d 981, 987 (1996).  In this case, though, the district court dismissed Stout's termination in violation of public policy claim on summary judgment.  Below, Stout conceded that because statutory remedies provide full relief to plaintiffs her wrongful discharge claim was unnecessary.  However, Stout argues she only conceded that point because Key Training conceded that federal law was the appropriate standard of law as to her discrimination claim.  Stout asserts that federal law favorably impacts her attorney fees claim and that Key Training is now arguing federal law does not apply; therefore it would be unfair to prevent Stout from receiving the remedies she could have received as a result of pursuing her termination in violation of public policy claim.

---

[2] 42 U.S.C. § 2000e-5(k) was enacted in 1964.  Pub. L. No. 88-352, 78 Stat. 259.  Idaho Code § 67-5908 was enacted in 1980.  1980 Id. Sess. Law, ch. 97, § 3, p. 216.

[3] Key Training also argues that Stout's request for fees under I.C. § 12-120(3) contains issues not raised below and therefore that should not be considered on appeal.  While Stout's arguments here for entitlement to an award under that subsection is not identical to her arguments below, in her motion for attorney fees, she specifically referenced I.C. § 12-120(3).  Thus, the issue of whether she is entitled to attorney fees under I.C. § 12-120(3) was raised below.

First, Stout's assertion that it would be unfair to refuse her attorney fees she would have received from her termination in violation of public policy claim is without merit. Key Training agreed that the federal definition of "sex discrimination" which includes discrimination based on pregnancy and childbirth, would apply to the Idaho Human Rights Act. Key Training also agreed that the Idaho Supreme Court has noted federal case law is instructive to claims under the Idaho Human Rights Act. However, those concessions in no way require that the provisions of the Idaho Human Rights Act be ignored and that all federal law provisions be adopted in order to decide Stout's Idaho Human Rights Act claim.

Next, Stout is not entitled to an award of attorney fees under I.C. § 12-120(3) because she did not prevail on her contract claim; she prevailed only on her statutory claim. As the district court pointed out:

> In *Atwood v. Western Construction, Inc.*, 129 Idaho 234, 923 P.2d 479 (Ct. App. 1996), which involved claims very similar to those alleged by Stout but based on age discrimination, the court held that although Idaho Code § 12-120(3) applies to employment contracts, it generally does not apply to claims in which the gravamen of the cause of action is a claimed violation of a statute such as the Idaho Human Rights Act. *See also Northwest Bec-Corp. v. Home Living Service*[], 136 Idaho 835, 41 P.3d 263 (2002). Here, the only theory on which Stout prevailed was one for discrimination based on gender under the Idaho Human Rights Act. Therefore, Stout is not entitled to attorney fees pursuant to Idaho Code § 12-120(3).

In *Northwest Bec-Corp.*, we noted that a party was properly denied attorney fees under I.C. § 12-120(3) when its claims were "based in rights created by statute or tort." 136 Idaho at 842, 41 P.3d at 270. In this case, Stout was successful only on her statutory claim. Idaho Code § 12-120(3) does not authorize attorney fees on statutory claims. Therefore, we hold Stout is not entitled to an award of attorney fees under I.C. § 12-120(3).

## C. Neither party is entitled to attorney fees on appeal

Stout argues she is entitled to attorney fees on appeal on the same basis she is entitled to attorney fees for the trial below. Since we hold Stout is not entitled to attorney fees for the trial below, we also hold she is not entitled to attorney fees on appeal.

Key Training argues it is entitled to attorney fees on appeal pursuant to I.C. § 12-121. That statute allows an award of "reasonable attorney's fees to the prevailing party. . . ." I.C. § 12-121. Attorney fees are awarded to the prevailing party only if "the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v.*

5

*Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999).  Whether I.C. § 67-5908(3) allows an award of attorney fees to a successful plaintiff is an issue of first impression for this Court.  Thus, we hold Key Training is not entitled to attorney fees on appeal.

### III. CONCLUSION

We affirm the district court's denial of attorney fees to Stout.  Furthermore, we decline to award either party attorney fees on appeal.  Costs to Respondent.

Justices TROUT, EISMANN and JONES, **CONCUR.**

Chief Justice SCHROEDER, dissenting.

I respectfully dissent from the decision of the Court.  Emphasis must be on respectful in this case, because the Court has properly applied prior case decisions.  However, after struggling for many years with the application of I.C. § 12-120(3), it is time to go back to the statute itself and apply it as written.  The Court's decisions, in which this author has participated, have created a patchwork of application that commonly requires more analysis than the substance of the claims in the lawsuit.  The Court signaled a change in attitude in *Blimka v. My Web Wholesaler, LLC, a Maine Limited Liability Company, and Lisa DePalma*, filed January 29, 2007.  It is proper to follow the lead of that case and apply I.C. § 12-120(3) as written, allowing attorney fees:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fees to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.  The "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho, or political subdivision thereof.

Idaho Code § 12-120(3).

In *Hummer v. Evans*, 129 Idaho 274, 280, 923 P.2d 981, 987 (1996), the Court held that termination of employment at will in violation of public policy is a contract action which results in contract damages.  The fact that this case proceeded under the Idaho Human Rights Act for discrimination based upon gender and pregnancy does not alter the fact that this is an action arising from employment, a contractual relationship.  The overlay of limiting attorney fees when the claim is made pursuant to a statute is one created by the Court not the legislature.  The legislation is broad and inclusive.  The Court has constricted the statute and created a myriad of

6

exceptions that should not exist.  The legislature said that a "commercial transaction" means "all transactions except transactions for personal or household purposes."  This case does not involve a personal or household purpose.  It can be classified under either a contract relating to services or a commercial transaction.  The fact that there is a statute in place defining a cause of action in employment does not limit the definition of either contract or commercial transaction.  The Court made the following analysis in *Blimka*:

> A transaction involving the sale of 26,500 pairs of jeans is not made for personal or household purposes. Rather, it is a business or commercial transaction, as Blimka obviously intended to market the jeans rather than wear them.  From time to time the Court has denied fees under I.C. § 12-120(3) on the commercial transaction ground either because the claim sounded in tort or because no contract was involved.  The commercial transaction ground in I.C. § 12-120(3) neither prohibits a fee award for a commercial transaction that involves tortious conduct (*see Lettunich v. Key Bank Nat'l Ass'n,* 141 Idaho 362, 369, 109 P.3d 1104, 1111 (2005)), nor does it require that there be a contract.  Any previous holdings to the contrary are overruled.  We hold that Blimka is entitled to a fee award on appeal with respect to his fraud claim, as he is seeking recovery of damages sustained as a result of the commercial transaction involved in this case.

*Blimka* rerouted this Court in the proper direction and interpretation of I.C. § 12-120(3), overruling cases to the contrary.  The same logic is applicable in this case. The Court should take the same step it took in *Blimka* with regard to the interpretation of a commercial transaction when an allegation of tortious conduct was made.  If the underlying transaction, though couched in terms of a statutory right, involves a qualifying contract or a commercial transaction, attorney fees should be awarded to the prevailing party.  The maze of guesswork should be taken off the table, and those who litigate should be aware that the statute means exactly what it says without judicial overlay.