**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 39221**

| | |
|---|---|
| SAM FERRELL and DEVA FERRELL,   ) | |
|     ) | |
|   Plaintiffs-Appellants,   ) | |
|     ) | Pocatello, May 2013 Term |
| v.   ) | |
|     ) | 2013 Opinion No. 81 |
| UNITED FINANCIAL CASUALTY   ) | |
| COMPANY, d.b.a PROGRESSIVE   ) | Filed: July 2, 2013 |
| INSURANCE COMPANY, whose true name   ) | |
| is unknown   ) | Stephen W. Kenyon, Clerk |
|     ) | |
|   Defendant-Respondent.   ) | |
|     ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

District court decision regarding attorney fees in arbitration, <u>reversed</u> in part and <u>remanded.</u>

Thomsen Stephens Law Offices, PLLC, Idaho Falls, for appellants. Jacob S. Wessel argued.

Lerma Law Office, PA, Boise, for respondent. John J. Lerma argued.

---

BURDICK, Chief Justice

This appeal arises from the Bonneville County district court's decisions regarding an uninsured motorist claim between Sam and Deva Ferrell (the Ferrells) and United Financial Casualty Company (United Financial). The parties underwent arbitration, and the Ferrells subsequently filed a petition that sought confirmation of the arbitration award and an award of costs and attorney fees. The district court ordered confirmation of the arbitration award and interest based upon an agreement of the parties. On the issue of attorney fees, the district court found that arbitration began five months prior to the amendment of I.C. § 41-1839 which explicitly allowed attorney fees in arbitration, and therefore the statute as it existed did not provide for attorney fees in this action. We reverse in part and remand to the district court.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Sam and Deva Ferrell are brothers who operate a construction business together. On December 22, 2008, the Ferrells were driving to work when their car was struck by an uninsured motorist. At the time of the accident, the Ferrells had an uninsured motorist endorsement in their insurance policy from United Financial.

One year later, the Ferrells sent United Financial a letter alleging a total of $17,000 in lost income from injuries related to the accident. After United Financial tendered $1,717, the Ferrells demanded arbitration pursuant to the insurance policy on January 22, 2010. On November 4, 2010, the parties underwent arbitration, and a panel of three arbitrators awarded the Ferrells a total of $9,134.24 for lost wages. The arbitration award did not address the issues of costs and fees.

The Ferrells filed a Petition for Confirmation of Arbitration Award and Award of Costs and Fees (Petition) on November 16, 2010. The Petition prayed for a judgment confirming the arbitration award, an order declaring the Ferrells as the prevailing party in arbitration, an award of attorney fees and costs, and an award of pre-judgment interest.[1] After filing and subsequently withdrawing a motion to stay the proceedings, United Financial filed an answer to the Petition on February 17, 2011.

The Ferrells filed a motion for attorney fees and costs under I.C. § 41-1839 on March 11, 2011. A hearing on the motion was held on April 6, 2011, and the district court issued a Memorandum Decision and Order Re: Motion for Fees and Costs on April 29, 2011. In its decision, the district court found that because the Ferrells did not file a lawsuit prior to arbitrating their claim, United Financial would not be subject to the mandatory fee provision in the amended I.C. § 41-1839 and a subsequent suit seeking attorney fees is not the type of action contemplated by the statute. Additionally, the district court found that the amendments to I.C. § 41-1839 did not apply retroactively in this case. The district court also found the Ferrells to be the prevailing party and entitled to costs, which was reversed by the district court on reconsideration. In the reversal, the district court held the insurance policy provided that each party will pay their own costs and fees. The Ferrells timely appealed these decisions to this Court.

---

[1] As noted by the parties, the issues of award confirmation and interest owed to the Ferrells were resolved by a stipulation between the parties on August 5, 2011. The district court issued a judgment consistent with the stipulation on August 12, 2011.

## II. ISSUES ON APPEAL

1. Whether the district court erred in denying the Ferrells an award of attorney fees pursuant to I.C. § 41-1839.

2. Whether the district court erred in denying the Ferrells an award of costs pursuant to I.R.C.P. 54.

3. Whether the Ferrells are entitled to attorney fees and costs on appeal.

## III. STANDARD OF REVIEW

"When an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies." *BECO Const. Co., Inc. v. J-U-B Engineers, Inc.*, 145 Idaho 719, 726, 184 P.3d 844, 851 (2008) (citing *Stout v. Key Training Corp.,* 144 Idaho 195, 196, 158 P.3d 971, 972 (2007)). This Court exercises "free review over matters of statutory interpretation." *KGF Dev., LLC v. City of Ketchum*, 149 Idaho 524, 527, 236 P.3d 1284, 1287 (2010) (quoting *State v. Doe*, 147 Idaho 326, 327, 208 P.3d 730, 731 (2009)). "The interpretation of a statute 'must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written.'" *Verska v. Saint Alphonsus Reg'l Med. Ctr.,* 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)). "A statute is ambiguous where the language is capable of more than one reasonable construction." *Porter v. Bd. of Trustees, Preston School Dist. No. 201,* 141 Idaho 11, 14, 105 P.3d 671, 674 (2004). "We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature." *Verska*, 151 Idaho at 893, 265 P.3d at 506 (quoting *City of Sun Valley v. Sun Valley Co.,* 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)).

## IV. ANALYSIS

### A. The district court erred when it denied the Ferrells an award of attorney fees pursuant to I.C. § 41-1839.

The Ferrells argue that they are entitled to an award of attorney fees and costs under the plain language of I.C. § 41-1839 and because they were the prevailing party in the arbitration. In response, United Financial argues the district court properly applied the statute as it existed when arbitration began and that the July 2010 amendments cannot be retrospectively applied. United Financial also argues that the Ferrells needed to file suit prior to arbitration for I.C. § 41-1839 to

apply in this action and that the petition is not an action in court sufficient to recover attorney fees under the statute.

Idaho Code section 41-1839 allows for attorney fees in suits against insurers for the recovery of payment justly owed under an insurance policy:

> The purpose of the statute is to provide an incentive for insurers to settle just claims in order to reduce the amount of litigation and the high costs associated with litigation. This Court has held that the statutory attorney fee is not a penalty but is an additional sum rendered as compensation when the insured is entitled to recover under the insurance policy, to prevent the sum therein provided from being diminished by expenditures for the services of an attorney.

*Martin v. State Farm Mut. Auto. Ins. Co.*, 138 Idaho 244, 247, 61 P.3d 601, 604 (2002) (internal citations and quotation omitted). An insurer must pay reasonable attorney fees when it issues a contract of insurance and "fail[s] for a period of thirty (30) days after proof of loss has been furnished as provided in such policy . . . to pay to the person entitled thereto the amount justly due under such policy. . . ." I.C. § 41–1839(1). "To be entitled to an award of attorney fees under this provision, the insured must prevail." *Arreguin v. Farmers Ins. Co. of Idaho*, 145 Idaho 459, 463-64, 180 P.3d 498, 502-03 (2008).

The statute was amended effective July 2010. S.L. 2010, ch. 251, § 1, eff. July 1, 2010. Included below is the statute as it existed prior to the amendments with the July 2010 additions noted in bold and the deletions noted with strikethrough:

> Allowance of attorney**'s** fees in suits against **or in arbitration with** insurers
>
> (1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state **or in any arbitration** for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action **or arbitration**.
>
> (2) In any such action **or arbitration**, if it is alleged that before the commencement thereof, a tender of the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, and if the allegation is found to be true, or if it is determined in such action **or arbitration** that no amount is justly due, then no such attorney's fees may be recovered.
>
> . . .

(4) Notwithstanding any other provision of statute to the contrary, this section and section 12–123, Idaho Code, shall provide the exclusive remedy for the award of statutory attorney's fees in all actions **or arbitrations** between insureds and insurers involving disputes arising under policies of insurance. Provided, attorney's fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation. Section 12–120, Idaho Code, shall not apply to any actions **or arbitrations** between insureds and insurers involving disputes arising under any policy of insurance.

S.L. 2010, ch. 251, § 1, eff. July 1, 2010.

1. <u>Whether the district court correctly concluded that I.C. § 41-1839 cannot be retroactively applied.</u>

In its decision, the district court found that when the arbitration for recovery under the policy commenced, the applicable law did not allow for attorney fees. Further, the district court analyzed whether the July 2010 amendments to I.C. § 41-1839 can be applied to the arbitration proceeding retroactively. The district court concluded that a retroactive application of the statute would be improper, since a mandatory attorney fee statute resembles a substantive right. *See Griggs v. Nash*, 116 Idaho 228, 235, 775 P.2d 120, 127 (1989).

An analysis on the retroactive application of I.C. § 41-1839 is unnecessary. At all relevant times, I.C. § 41-1839 provided that attorney fees are available "as the court shall adjudge reasonable." Thus, any party entitled to attorney fees under the statute must file an action to recover those fees. The relevant amendments took effect on July 1, 2010, four months before anything in this case was filed in court. When the Petition was filed on November 16, 2010, I.C. § 41-1839 allowed reasonable attorney fees "in any arbitration for recovery under the terms of the policy." Therefore, we hold that the plain language of I.C. § 41-1839 allows attorney fees—that accrued after the July 1, 2010 effective date—if the Ferrells meet the additional criteria of the statute.

2. <u>This action is the type of action contemplated in I.C. § 41-1839.</u>

On appeal, United Financial argues that the Ferrells' request to confirm the arbitration award is not an action in court sufficient to recover attorney fees under I.C. § 41-1839. However, the Ferrells' appeal only addresses the issue of whether they are entitled to attorney fees in the arbitration. Therefore we address the issue of whether the arbitration in this case is the type of action contemplated in the statute. Idaho Code section 41-1839(1) provides an award of attorney fees in any action or arbitration brought against an insurer that fails to pay to the

5

person entitled thereto the amount justly due under a policy for a period of thirty days after proof of loss has been furnished as provided in the policy. The arbitration proceeding was brought by the Ferrells more than thirty days after proof of loss to recover money owed to them under the policy. Therefore the arbitration was the type of action contemplated in I.C. § 41-1839.

    3. <u>The district court found the Ferrells to be the prevailing party.</u>

The final element is whether the Ferrells were the prevailing party in the arbitration. This Court has previously held that the insured must prevail to be entitled to an award under I.C. § 41-1839. *Slaathaug v. Allstate Ins. Co.*, 132 Idaho 705, 711, 979 P.2d 107, 113 (1999). The district court's decision analyzed whether the Ferrells were the prevailing party in the arbitration:

> The arbitration award is substantially larger than what [United Financial] initially tendered. Having considered the arbitration award in relation to the overall relief sought by Ferrells, this Court finds that Ferrells are the prevailing party because they prevailed on the issue of whether the amount due under the Policy was more than the amount tendered by [United Financial].

Since the Ferrells are the prevailing party in the arbitration, they meet all the criteria for the recovery of attorney fees under I.C. § 41-1839. They are entitled to recover reasonable attorney fees incurred in the arbitration after July 1, 2010, the effective date of the amendment.

**B. The district court did not err in denying the Ferrells an award of costs pursuant to I.R.C.P. 54.**

The Ferrells also argue that United Financial's failure to timely object to the Ferrells' memorandum of costs constituted a waiver of all objections to the costs claimed under I.C.R.P. 54(d). In response, United Financial argues that the Ferrells incorrectly focus on I.R.C.P. 54 as determinative, and that Idaho case law makes it clear that a civil rule provision will not override the parties' arbitration agreement.

Idaho code section 7-910, part of the Uniform Arbitration Act, states that "[u]nless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." The relevant portion of the insurance policy states "[e]ach party will pay the costs and fees of its arbitrator and any other expenses it incurs. The costs and fees of the third arbitrator will be shared equally." And, as noted above, the arbitration award was silent on the issue of costs and fees.

On March 11, 2010, the Ferrells filed a motion for attorney fees and costs with an accompanying memorandum. United Financial timely filed an objection to the motion, arguing

there is no statutory provision for granting attorney fees in this case and the Ferrells are not the prevailing party. A hearing on the motion was held on April 6, 2010. The morning of the hearing, United Financial filed an affidavit that contained the arbitration language of the insurance policy. In the hearing, United Financial argued that the Ferrells' request for costs is under the arbitration agreement, and the agreement states that each party will pay its own costs.

Initially, the district court found the Ferrells to be owed costs as the prevailing party based in part on United Financial's failure to timely object to the costs claimed by the Ferrells. In its decision, the district court cited I.R.C.P. 54(d)(6) which states:

> Any party may object to the claimed costs of another party set forth in a memorandum of costs by filing and serving on adverse parties a motion to disallow part or all of such costs within fourteen (14) days of service of the memorandum of cost. Such motion shall not stay execution on the judgment, exclusive of costs, and shall be heard and determined by the court as other motions under these rules. Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed.

Under the rule, the district court found that United Financial's failure to object to the memorandum of costs within fourteen days of March 11, 2011, constituted a waiver of all objections.

On May 13, 2011, United Financial filed a motion to reconsider the district court's award of costs to the Ferrells. Argument was heard on this motion and a similar motion from the Ferrells, and the district court issued a memorandum decision granting United Financial's motion. On reconsideration, the district court found that the arbitration section of the policy provides that "[e]ach party will pay the costs and fees of its arbitrator and any other expenses it incurs." Additionally, the district court held that although the insurance policy was entered into the record more than fourteen days after the memorandum of costs was filed, the Ferrells did not properly object to its admission at the hearing.

In the April 6, 2011 hearing, the district court asked the Ferrells' counsel whether they objected to the court's consideration of the contract:

> The Court: And I take it there was no objection to the Court considering the contract?
>
> Mr. Wessel: Well, I don't know what he has put—I haven't seen it, so if it's the contract, I wouldn't have an objection to the Court looking at it. I'd like to look at it first and make sure it's what Mr. Lerma says it is.

7

On April 11, 2011, the Ferrells filed an objection to the admission of the insurance policy on the grounds that it was untimely. This filing contained no specific objection to the content of the admission. Since the Ferrells did not timely object to the content, the district court correctly considered and interpreted the arbitration clause of the insurance contract. The arbitration clause clearly states that each party will bear its own costs. Therefore, we affirm the decision of the district court and hold that both parties are responsible for their respective costs under the arbitration agreement.

**C. The Ferrells are not entitled to attorney fees on appeal.**

The Ferrells argue that they are also entitled to attorney fees on appeal under I.C. § 41-1839. Idaho Code section 41-1839(1) provides for attorney fees if an insurer fails to pay to the person entitled to the amount justly due under an insurance policy for a period of thirty days after proof of loss has been furnished as provided in the policy. Idaho Code section 41-1839(4) states:

> Notwithstanding any other provision of statute to the contrary, this section and section 12–123, Idaho Code, shall provide the exclusive remedy for the award of statutory attorney's fees in all actions or arbitrations between insureds and insurers involving disputes arising under policies of insurance. Provided, attorney's fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation. Section 12–120, Idaho Code, shall not apply to any actions or arbitrations between insureds and insurers involving disputes arising under any policy of insurance.

Thus, there are three potential avenues for attorney fees under the statute. As noted above, the Ferrells are entitled to the attorney fees they incurred in the arbitration. However, this appeal is not part of the arbitration. As a separate proceeding, this appeal—and the action in the district court—would need to be an action to recover under the policy to satisfy I.C. § 41-1839(1). In this case, the district court claim and subsequent appeal are not an action to recover under the policy. Likewise, the Ferrells are not entitled to attorney fees under I.C. § 41-1839(4), since they have not argued that United Financial's defense on appeal is frivolous or without foundation. Nor have the Ferrells argued that they are entitled to attorney fees under I.C. § 12-123. Therefore, we hold that the Ferrells are not entitled to attorney fees on appeal under I.C. § 41-1839.

## V. CONCLUSION

We hold that the district court erred when it found that attorney fees were not available to the Ferrells in arbitration. We also hold that the Ferrells are not entitled to attorney fees on

appeal under I.C. § 41-1839.  Further, we hold that the district court did not err when it found that the parties bear their own costs in arbitration pursuant to the arbitration agreement.  We remand back to the district court for proceedings consistent with this opinion.  Both parties bear their own costs on appeal.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**