# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43191

DONNA SIMONO, )
     )
    Plaintiff, )
     )
v. )
     )
TURNER HOUSE, LARRY J. ROGERS, )
CHERYL BARKER, )     Boise, August 2016 Term
     )
    Defendants-Third Party )     2016 Opinion No. 91
    Plaintiffs-Respondents, )
     )     Filed: September 9, 2016
v. )
     )     Stephen W. Kenyon, Clerk
TREASURE VALLEY AREA OF )
NARCOTICS ANONYMOUS, and )
NARCOTICS ANONYMOUS )
LITERATURE, )
     )
    Third Party Defendants-Appellants. )
_____ ).

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

The order of the district court is <u>reversed</u> and the case is <u>remanded</u>.

Saetrum Law Offices, Boise, for appellant. Rodney R. Saetrum argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, for respondent. Stanley J. Tharp argued.

_____

J. JONES, Chief Justice

    Donna Simono attended a meeting hosted by Treasure Valley Area of Narcotics Anonymous ("TVNA") at the Turner House in Mountain Home. When leaving the meeting, she fell down the stairs and injured her ankles. Simono brought a negligence action against Turner House, Larry Rodgers, and Cheryl Baker (collectively "Turner House"). Turner House filed a

1

third-party complaint against TVNA, alleging that TVNA was responsible for maintaining the area where Simono fell. Turner House also sought indemnification for Simono's claims. The jury returned a verdict finding neither Turner House nor TVNA negligent, and the district court entered judgment dismissing Simono's complaint and Turner House's third-party complaint. TVNA filed a motion seeking attorney fees against Turner House under Idaho Code section 12-120(3). The district court denied the motion for fees, concluding that the lawsuit was not based on a commercial transaction. TVNA appealed the district court's denial of its motion for fees. Both TVNA and Turner House seek attorney fees on appeal.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On January 1, 2012, Bob Foss, on behalf of TVNA, entered into a one-year lease with Larry Rodgers to rent a third-floor room of the Turner House in Mountain Home, Idaho. TVNA rented the space to hold daily Narcotics Anonymous meetings. The lease agreement provided in relevant part:

> Tenant will replace ALL inoperative lightbulbs or tubes, as needed.
> . . . .
> Tenant agrees to maintain premises in neat and clean condition. Maintain all furnishings in good condition, allowing for reasonable wear.
> . . . .
> Tenant shall hold owner, owner's agents, employees, heirs or assigns blameless and harmless for any loss, damage or liability caused by tenant(s), children, agents, employees, guests or others.

In January 2013, the lease was extended for another year under the same terms. On January 7, 2013, Simono attended a Narcotics Anonymous meeting at the Turner House. When Simono left the meeting, she fell down the stairs between the second and third floor and broke her right ankle and sprained her left ankle.

On March 5, 2013, Simono sued Turner House, alleging that it was negligent in failing to properly light the second floor, which caused her to fall down the stairs. On November 4, 2013, Turner House filed a third-party complaint against TVNA. Turner House's third-party complaint alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, indemnification, and negligence. The third-party complaint alleged that "Turner House is a commercial building," TVNA "is a business registered with the State of Idaho," and "at all relevant times was a tenant in Turner House." The third-party complaint further alleged that TVNA "was responsible pursuant to the Rental Agreement for the maintenance of the area of

Turner House where Simono fell" and "had an obligation under the terms of the Rental Agreement and/or Idaho common law to indemnify [Turner House] for any costs or expenses they incurred in defending against [Simono's] lawsuit." Turner House's third-party complaint also included a claim for attorney fees under Idaho Code sections 12-120 and 12-121.

This case proceeded to a jury trial in December 2014. The jury was asked to determine whether there was a breach of duty on the part of Turner House and/or TVNA which was the proximate cause of Simono's injuries. Additionally, the jury was asked to determine whether there was a breach of contract on the part of TVNA which was the proximate cause of Simono's damages. The jury returned a verdict in favor of TVNA and Turner House on the above issues. During trial, Turner House agreed to have its indemnity claim against TVNA decided by the court if the jury found Turner House negligent. Because the jury found in favor of Turner House, the district court did not address Turner House's indemnity claim. The district court entered a judgment dismissing Simono's complaint and Turner House's third-party complaint on December 16, 2014.

On December 30, 2014, TVNA filed a motion for costs and fees, seeking in part an award of attorney fees under Idaho Code section 12-120(3). Turner House objected to TVNA's motion for attorney fees, arguing that section 12-120(3) did not apply because the case was not based on a commercial transaction and that TVNA's motion for fees did not comply with Idaho Rule of Civil Procedure 54(e). The district court issued an order denying TVNA's request for fees on January 27, 2015. The district court held that TVNA was not entitled to attorney fees under section 12-120(3) because Turner House's claims were not based on a commercial transaction. The district court reasoned that although Turner House's third-party complaint alleged a breach of contract claim against TVNA, "the sole breach would be for damages or indemnification if the Defendant/Third Party Plaintiff was found negligent by the jury." The district court then concluded that the crux of Turner House's claims against TVNA was that TVNA's negligence caused Simono's injuries, and the rental agreement was not integral to Simono's claim for negligence.

TVNA filed a motion for reconsideration of the order denying fees, which the district court denied. TVNA timely appealed the district court's denial of its motion for attorney fees.

**ISSUES ON APPEAL**

1. Whether the district court erred in denying TVNA's motion for attorney fees.

3

2. Whether either TVNA or Turner House is entitled to attorney fees on appeal.

## II.
## STANDARD OF REVIEW

"The district court's decision to award attorney fees is reviewed under the abuse of discretion standard." *Stout v. Key Training Corp.*, 144 Idaho 195, 196, 158 P.3d 971, 972 (2007). "However, when an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies." *Id.* "The interpretation of a statute is a question of law over which this Court exercises free review." *Id.* (quoting *Carrier v. Lake Pend Oreille Sch. Dist. # 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006)). Therefore, "[w]hether a district court has correctly determined that a case is based on a commercial transaction for the purpose of [Idaho Code section] 12–120(3) is a question of law over which this Court exercises free review." *Idaho Transp. Dep't v. Ascorp, Inc.*, 159 Idaho 138, 141, 357 P.3d 863, 866 (2015) (quoting *Garner v. Povey*, 151 Idaho 462, 469, 259 P.3d 608, 615 (2011)).

## III.
## ANALYSIS

**1. The district court erred in concluding that TVNA was not entitled to attorney fees under Idaho Code section 12-120(3).**

Idaho Code section 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

In the present case, it is undisputed that TVNA was the prevailing party as to the third-party complaint. The only issue on appeal is whether Turner House's claims were based on a commercial transaction. The term "commercial transaction" is defined as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). "In order for a transaction to be commercial, each party to the transaction must enter the transaction for a commercial purpose." *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, 756, 274 P.3d 1256, 1271 (2012).

In determining whether a party is entitled to attorney fees under section 12-120(3), "the test is whether the commercial transaction comprises the gravamen of the lawsuit." *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). To be the gravamen of a lawsuit, "(1) there must be a commercial transaction that is integral to the claim; and (2) the commercial transaction must be the basis upon which recovery is sought." *Garner*,

4

151 Idaho at 469, 259 P.3d at 615 (quoting *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 471, 36 P.3d 218, 223 (2001)). If a party asserts a claim allegedly based on a commercial transaction, the opposing party is entitled to fees under section 12-120(3) for successfully defending against the claim, even if it is later found that a commercial transaction never existed. *Miller v. St. Alphonsus Reg'l Med. Ctr., Inc.*, 139 Idaho 825, 839, 87 P.3d 934, 948 (2004).

In its order denying fees, the district court concluded that TVNA was not entitled to attorney fees under 12-120(3) because "the main thrust of this lawsuit was clearly in tort." The district court relied on *J.R. Simplot, Co. v. Rycair, Inc.*, where this Court held that a party to a commercial lease may collect attorney fees under 12-120(3) for contract claims related to the lease but not for claims related to a negligence cause of action. 138 Idaho 557, 565, 67 P.3d 36, 44 (2003). In its order denying reconsideration, the district court stated that Turner House's third-party complaint alleged causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and for indemnification. However, the court concluded that because this was a third-party complaint, Turner House's only valid claim was for indemnification and that there was no contractual basis for indemnity.

The district court erred in categorically ruling that TVNA is not entitled to fees because the underlying action sounded in tort. Until relatively recently this Court had declined to award attorney fees under section 12-120(3) in tort actions. *See, e.g., Fuller v. Wolters*, 119 Idaho 415, 425, 807 P.2d 633, 643 (1991). However, this rule no longer applies in Idaho. *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728–29, 152 P.3d 594, 599–600 (2007). "[A]s long as a commercial transaction is at the center of the lawsuit, the prevailing party may be entitled to attorney fees for claims that are fundamentally related to the commercial transaction yet sound in tort." *Carrillo*, 152 Idaho at 756, 274 P.3d at 1271. The hard distinction between contract and negligence claims like that applied in *J.R. Simplot*, 138 Idaho 557, 67 P.3d 36, is no longer the law in Idaho. Additionally, the district court erred in concluding that TVNA was not entitled to fees because the rental agreement did not "in fact" provide a basis for indemnity. In the third-party complaint, Turner House alleged that TVNA was obligated under the rental agreement to indemnify it for any costs incurred in defending against Simono's claims. This is sufficient to trigger the application of section 12-120(3), even if the allegation was later disproven. *Miller*, 139 Idaho at 839, 87 P.3d at 948.

5

In determining whether TVNA is entitled to attorney fees under 12-120(3), we must look to the allegations in the third-party complaint and determine if the claims were allegedly based on a commercial transaction between TVNA and Turner House. We conclude that they were. As a preliminary matter, the third-party complaint alleged that Turner House was a commercial building, that TVNA was a business, and that TVNA rented the room in the Turner House to hold Narcotics Anonymous meetings. Under Turner House's allegations, the rental agreement meets the definition of a commercial transaction, as it was not a lease for personal or household use.

As discussed above, Turner House's claim that the rental agreement provided a basis for indemnity was sufficient to trigger the application of 12-120(3). Additionally, Turner House's claims for breach of contract and breach of the covenant of good faith and fair dealing were clearly based on the lease agreement. Turner House alleges that TVNA is not entitled to fees for these claims because Turner House never sought breach of contract damages. Turner House alleges that the only damages it sought for breach of contract were damages Simono would receive from Turner House if it were found negligent. No matter the amount of damages, Turner House alleged that TVNA would be liable because TVNA breached the lease agreement. Therefore, the agreement was integral to the claims and was the basis upon which relief was sought.

Turner House argues extensively that the center of this lawsuit was based in negligence, and therefore, TVNA is not entitled to fees under 12-120(3). However, the basis of Turner House's third-party complaint was that TVNA assumed the duty to maintain the stairway by entering into the lease agreement. In *McDevitt v. Sportsman's Warehouse, Inc.*, this Court addressed whether a tenant in a multi-unit shopping center had a duty to maintain the sidewalks adjacent to its storefront. 151 Idaho 280, 284, 255 P.3d 1166, 1170 (2011). There, we concluded that whether a tenant had a duty to maintain a particular area depended on the scope and terms of the lease agreement. *Id.* at 284–287, 255 P.3d at 1170–73. But for the lease agreement, Turner House would have no basis to shift liability to TVNA. As we recently concluded in *H-D Transport v. Pogue*, a party is entitled to attorney fees under section 12-120(3) where the claim "would not have arisen absent the claimed commercial transaction." 160 Idaho 428, 436, 374 P.3d 591, 599 (2016).

6

We hold that the rental agreement was the basis for all of Turner House's claims, and TVNA is entitled to attorney fees under section 12-120(3) for defending against the third-party complaint. We decline to address Turner House's arguments on appeal that TVNA's motion for fees did not comply with I.R.C.P. 54(e) and that TVNA is not entitled to the total amount of fees requested. Because the district court concluded that TVNA was not entitled to fees under section 12-120(3), it never reached these issues. "Even though an issue was argued to the court, to preserve an issue for appeal there must be a ruling by the court." *Saint Alphonsus Diversified Care, Inc. v. MRI Assocs., LLP*, 148 Idaho 479, 491, 224 P.3d 1068, 1080 (2009). "This Court does not review an alleged error on appeal unless the record discloses an adverse ruling forming the basis for the assignment of error." *Id.* (quoting *Ada Cty. Highway Dist. v. Total Success Invs., LLC*, 145 Idaho 360, 368, 179 P.3d 323, 331 (2008)). The district court is better positioned to address these issues and will have an opportunity to do so on remand.

**2. TVNA is awarded attorney fees on appeal.**

Turner House requests attorney fees on appeal under Idaho Code section 12-121 and TVNA requests attorney fees on appeal under section 12-120(3). Turner House has not prevailed and is not entitled to attorney fees. However, because TVNA has prevailed in this commercial dispute, TVNA is entitled to attorney fees on appeal pursuant to Idaho Code section 12-120(3).

**IV.**
**CONCLUSION**

We reverse the district court's denial of TVNA's request for attorney fees and remand for further proceedings consistent with this opinion. We award attorney fees and costs on appeal to TVNA.


Justices EISMANN, BURDICK, and HORTON, and Justice Pro Tem KIDWELL CONCUR.