## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 44139

MEDICAL RECOVERY SERVICES, LLC, )
an Idaho limited liability company, )
                                 )
     Plaintiff-Appellant, )
                                 )
v. )
                                 )
PENNY R. SILER, )
                                 )
     Defendant-Respondent. )

Boise, April 2017 Term

2017 Opinion No. 36

Filed: April 28, 2017

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Robert L. Crowley, Jr., Magistrate Judge. Hon. Alan C. Stephens, District Judge.

District court order affirming magistrate's denial of attorney fees, <u>reversed</u> and <u>remanded.</u>

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant. Bryan Zollinger argued.

Thomsen Holman Wheiler, PLLC, Idaho Falls, for respondent. Ryan S. Dustin argued.

_____

BURDICK, Chief Justice.

Medical Recovery Services, LLC (MRS) appeals the Jefferson County district court's order affirming the magistrate court's ruling denying MRS's application for an award of postjudgment attorney fees under Idaho Code section 12-120(5). We reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Penny R. Siler visited Mountain View Hospital and incurred a bill of $518.80. Siler was unable to pay the bill, and Mountain View Hospital assigned the debt to MRS for collection. In November 2013, MRS sued Siler for recovery of the debt. Siler was served with the summons on November 18, 2013. On Christmas Eve, December 24, 2013, MRS filed an application for entry of default judgment. On December 30, 2013, the court entered a default judgment in favor of MRS in the amount of $1,170.93, which included attorney fees in the amount of $350.00.

1

Following the default judgment, MRS attempted a garnishment of Siler's wages, which was returned unsatisfied because Siler, a school bus driver who cares for her disabled husband and makes an average of $499.00 a month, did not earn enough to garnish. Thereafter, MRS obtained an order for examination of debtor from the court, and counsel for MRS met with Siler on May 2, 2014. Based on Siler's circumstances, MRS agreed to accept $10.00 per month for payment on her judgment.

Siler paid $10.00 per month until March 2015. On March 6, 2015, Siler contacted counsel for MRS and "asked what the payoff would be." Siler was told the payoff amount was $1,224.88. Siler then went to MRS's counsel's office and, after again being told the payoff amount was $1,224.88, paid that amount in cash. Six days later, counsel for MRS filed an application for supplemental attorney fees under Idaho Code section 12-120(5). Counsel supported the application with an affidavit and time entries. The supplemental fees totaled $843.00, which included $114.00 for the "receipt and processing" of Siler's twelve $10.00 payments.

Siler did not file an objection to the request for supplemental attorney fees but did attend the hearing. Following the hearing, the magistrate court issued an order denying MRS's application for supplemental attorney fees. In its order, the magistrate court, sua sponte, found that MRS was barred by quasi and equitable estoppel from asking for attorney fees because MRS had told Siler the "payoff amount" was $1,224.88, and MRS did not inform Siler it planned to pursue additional postjudgment fees. MRS appealed the magistrate's decision to the district court.

The district court affirmed, finding "the Magistrate Court retains discretion as to whether, or what amount of, attorney fees will be awarded," and therefore was free to consider any factor it deemed appropriate, including quasi or equitable estoppel, in determining the amount of attorney fees. MRS timely appeals.

## II. STANDARD OF REVIEW

When reviewing a decision of a district court acting in its capacity as an appellate court, this Court

> reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

2

*Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981); *accord, e.g.*, *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). "[T]his court does not review the decision of the magistrate court. 'Rather, we are procedurally bound to affirm or reverse the decisions of the district court.' " *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013) (citations omitted) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)).

## III.   ANALYSIS

**A. The district court erred in affirming the magistrate's decision that MRS was estopped from requesting attorney fees under Idaho Code section 12-120(5).**

"The decision to award attorney's fees is within the discretion of the trial court, unless the award is based on the interpretation of a statute." *Grover v. Wadsworth*, 147 Idaho 60, 65, 205 P.3d 1196, 1201 (2009). "When the award of attorney fees depends on the interpretation of a statute giving rise to that award . . . this Court exercises free review." *Contreras v. Rubley*, 142 Idaho 573, 576, 130 P.3d 1111, 1114 (2006).

The district court held that the magistrate court did not err in considering the theories of quasi and equitable estoppel in determining that MRS was not entitled to postjudgment attorney fees under section 12-120(5). In support of this conclusion, the district court relied on Idaho Rule of Civil Procedure 54(e)(3)(L) and *Long v. Hendricks*, 109 Idaho 73, 705 P.2d 78 (Ct. App. 1985). However, neither Rule 54(e)(3)(L) nor *Long* support the district court's ruling.

Rule 54(e)(3)(L) states: "(3) *Amount of Attorney Fees.* In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following in determining the amount of such fees: . . . . (L) Any other factor which the court deems appropriate in the particular case." I.R.C.P. 54(e)(3)(L).[1] By its own terms, Rule 54(e)(3)(L) only applies in cases where "the court *grants* attorney fees to a party . . . ." *Id.* (emphasis added). Here, the record clearly shows the magistrate court declined to grant attorney fees. Because the magistrate court declined to grant fees, Rule 54(e)(3)(L) is not implicated. The district court erred in relying on Rule 54(e)(3)(L) to affirm the magistrate court's decision to deny MRS's request for postjudgment fees.

The district court's reliance on *Long* is similarly misplaced. In its ruling, the district court stated, "the Magistrate Court retains discretion as to whether, or what amount of, attorney fees will be awarded." In support of this statement of law, the district court cited *Long v. Hendricks*,

---

[1] All citations to the I.R.C.P. are to the 2015 rules, which were in effect at the time of both the magistrate and district court's rulings.

109 Idaho 73, 705 P.2d 78 (Ct. App. 1985). *Long*, however, dealt with an award of attorney fees under Idaho Code section 12-121, not section 12-120(5). 109 Idaho at 80, 705 P.2d at 85. Under section 12-121, attorney fees are indeed discretionary. I.C. § 12-121 ("In any civil action, the judge *may* award reasonable attorney's fees . . . ." (emphasis added)). However, under section 12-120(5), attorney fees are mandatory. Idaho Code section 12-120(5) reads:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party *shall* also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs *shall* be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

I.C. 12-120(5) (emphasis added). The use of the nondiscretionary *shall* rather than the permissive *may*, indicates that the award of postjudgment attorney fees is mandatory under section 12-120(5). *E.g.*, *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 256, 371 P.3d 305, 310 (2016) ("When used in a statute, the word 'may' is permissive rather than the imperative or mandatory meaning of 'must' or 'shall.' " (quoting *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995))). The district court erred in relying on *Long* for the proposition that the award of attorney fees under section 12-120(5) is discretionary.

Although the district court erred in relying on I.R.C.P. 54(e)(3)(L) and *Long*, if the district court's order affirming the magistrate court was correct, though based on an inappropriate theory, we will affirm upon the correct theory. *Andre v. Morrow*, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984) ("Where an order of a lower court is correct, but based upon an erroneous theory, the order will be affirmed upon the correct theory."). Therefore, we examine whether the district court should be affirmed on the grounds of quasi and equitable estoppel.

1. <u>The magistrate court erred in raising the issues of quasi and equitable estoppel sua sponte.</u>

A claim for attorney fees under Idaho Code section 12-120(5) must be made pursuant to Idaho Rule of Civil Procedure 54(e). I.R.C.P. 54(e)(8) ("Any claim for attorney fees . . . must be made pursuant to Rule 54(e) unless an applicable statute or contract provides otherwise."). Under I.R.C.P. 54(e)(6) any objection to attorney fees must "be made in the same manner as an objection to costs as provided by Rule 54(d)(6)." Rule 54(d)(6), in turn, provides that any objection to the memorandum of costs must be made within fourteen days. I.R.C.P. 54(d)(6). Failure to timely object to the memorandum of costs "shall constitute a waiver of all objections to the costs claimed." *Id.*; *Conner v. Drake*, 103 Idaho 761, 761, 653 P.2d 1173, 1173 (1982);

4

*accord Allstate Ins. Co. v. Mocaby*, 133 Idaho 593, 600, 990 P.2d 1204, 1211 (1999) ("The rule clearly provides that the failure to file a timely objection to costs and fees claimed in the memorandum of costs constitutes a waiver of objections to the costs claimed.").

Here, it is undisputed that Siler did not file an objection to MRS's request for postjudgment fees. As such, Siler waived any defense or objection she may have had to the award of fees. I.R.C.P. 54(d)(6); *accord, e.g.*, *Mocaby*, 133 Idaho at 600, 990 P.2d at 1211. Notwithstanding the clear language of Rule 54(d)(6) and the equally clear case law on the subject, the magistrate court sua sponte raised the defenses of equitable estoppel and quasi estoppel. This was error.

In *Deon v. H & J, Inc.*, we reviewed various cases where the Court held that it was error for the trial court to sua sponte raise affirmative defenses and concluded that it was also error to sua sponte raise the defense of collateral estoppel. 157 Idaho 665, 668–70, 339 P.3d 550, 553–55 (2014). Estoppel, generally, is an affirmative defense. I.R.C.P. 8(c) (listing estoppel as one of the affirmative defenses that must be raised in a response to a pleading). Although not strictly required to be raised in an answer or other filing, affirmative defenses must be raised before trial to give the opposing party notice and an opportunity to address the defense. *See Patterson v. State, Dep't of Health & Welfare*, 151 Idaho 310, 316, 256 P.3d 718, 724 (2011).[2] Here, the issues of quasi and equitable estoppel were not raised by Siler and were not raised by the magistrate court until the court issued its order denying fees. MRS was not on notice of the defenses of quasi or equitable estoppel and was not afforded the opportunity to address those issues before the magistrate issued its order. It was error for the magistrate court to sua sponte raise the defenses of quasi and equitable estoppel. *See Deon*, 157 Idaho at 669, 339 P.3d at 554 ("[T]rial courts must be cautious about raising a preclusion bar *sua sponte,* thereby eroding the principle of party presentation so basic to our system of adjudication." (quoting *Arizona v. California*, 530 U.S. 392, 412–13 (2000))).

Because Siler did not object to MRS's request for postjudgment fees within fourteen days and because it was error for the magistrate court to sua sponte raise the issues of quasi and equitable estoppel, we are constrained to reverse the district court. We note, however, that while

---

[2] The only recognized exception to this rule is judicial estoppel. *Deon v. H & J, Inc.*, 157 Idaho 665, 669 n.2, 339 P.3d 550, 554 n.2 (2014) ("Because [judicial estoppel] is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion." (quoting *Sword v. Sweet*, 140 Idaho 242, 252, 92 P.3d 492, 502 (2004))).

fees are mandatory under section 12-120(5), the amount of fees to be awarded is within the trial court's discretion. *Bott v. Idaho State Bldg. Auth.*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996) ("The calculation of reasonable attorney fees is within the discretion of the trial court."). And in making the award, the trial court is bound to consider the factors listed under I.R.C.P. 54(e)(3), which includes: "(L) Any other factor which the court deems appropriate in the particular case." Accordingly, the magistrate court is free to determine reasonable attorney fees. This is true even though Siler did not object to MRS's request. *Lowery v. Bd. of Cty. Comm'rs for Ada Cty.*, 115 Idaho 64, 68, 764 P.2d 431, 435 (Ct. App. 1988) (noting that a lack of objection does not mean the Court must automatically award the full amount sought).

**B. Attorney fees on appeal.**

MRS requests attorney fees on appeal under Idaho Appellate Rule 41 and Idaho Code section 12-120(5). Idaho Appellate Rule 41, however, is not "a mechanism by which this Court can award attorney fees. . . . As we have held numerous times, Rule 41 provides the procedure for requesting attorney fees on appeal, but is not authority alone for awarding fees." *Commercial Ventures, Inc. v. Rex M. & Lynn Lea Family Trust*, 145 Idaho 208, 219, 177 P.3d 955, 966 (2008). In contrast, we have held that Idaho Code section 12-120 generally allows this Court to award reasonable attorney fees on appeal that are "incurred in connection with the effort to secure a reasonable amount of attorney fees." *BECO Constr. Co. v. J-U-B Eng'rs Inc.*, 149 Idaho 294, 298, 233 P.3d 1216, 1220 (2010), *overruled on other grounds by Keybank Nat'l Ass'n v. PAL I, LLC*, 155 Idaho 287, 311 P.3d 299 (2013). However, for section 12-120(5) to apply, the attorney fees sought must have been "incurred in attempting to collect on the judgment." We have held, "[w]hen attempting to collect on a judgment, a party may receive attorney fees and costs pursuant to I.C. § 12-120(5) if that party would have been awarded attorney fees and costs under subsection (1), (2), (3), or (4) in the underlying proceeding." *Credit Bureau of E. Idaho, Inc. v. Lecheminant*, 149 Idaho 467, 473, 235 P.3d 1188, 1194 (2010). Here, the underlying proceeding is MRS's request for postjudgment attorney fees. A request for postjudgment attorney fees under section 12-120(5) is not a proceeding that would satisfy the requirements of subsections (1), (2), (3), or (4) of section 12-120. To allow MRS to collect fees on appeal under section 12-120(5) would be to allow MRS to collect attorney fees for attempting to collect attorney fees, not for attempting to collect on the judgment. We decline to award MRS attorney fees on appeal. *See Magleby v. Garn*, 154 Idaho 194, 200 n.4, 296 P.3d 400, 406 n.4 (2013)

(denying fees under section 12-120(5) because the appeal could not be "reasonably characterized as an 'attempt to collect on the judgment.' ").

Siler requests fees under Idaho Code section 12-121. Because Siler is not the prevailing party, we decline to award Siler fees as well. *Kemmer v. Newman*, 161 Idaho 463, 387 P.3d 131, 137 (2016) (noting that fees under section 12-121 are only available to the prevailing party).

## IV.    CONCLUSION

Because postjudgment attorney fees are mandatory under section 12-120(5), we reverse the district court and remand the case to the district court with instructions to remand to the magistrate court to award reasonable postjudgment fees. No fees on appeal. Costs to MRS.

Justices EISMANN, JONES, HORTON and BRODY, **CONCUR.**