## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45019

|  |  |  |
|---|---|---|
| MEDICAL RECOVERY SERVICES, LLC, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | Boise, January 2018 Term |
| v. | ) ) | 2018 Opinion No. 13 |
| | ) | Filed: February 14, 2018 |
| ROBERT LOPEZ, | ) ) | Karel A. Lehrman, Clerk |
| Defendant-Respondent. | ) ) | |

Appeal from the District Court of the Fifth Judicial District of
the State of Idaho, Lincoln County. Hon. John K. Butler, District Judge.

The district court's judgment denying attorney fees is <u>affirmed</u>.
MRS's request for attorney fees on appeal is <u>denied</u>.

Smith, Driscoll, & Associates, PLLC, Idaho Falls, attorney for appellant.

Robert Lopez, Heyburn, *pro se*.

_____

BEVAN, Justice.

### I. NATURE OF THE CASE

Medical Recovery Services, LLC ("MRS") appeals a district court's judgment denying its request for postjudgment attorney fees on an appeal. The dispute arose after MRS attempted to collect a debt owed by Robert Lopez ("Lopez"). The magistrate court entered a default judgment and awarded attorney fees to MRS. MRS continued to incur attorney fees while attempting to collect on the default judgment and filed a request to recover its postjudgment attorney fees, which the magistrate court denied. MRS appealed, and the district court reversed the magistrate court's denial of postjudgment attorney fees, but declined to award MRS attorney fees related to its appeal of the magistrate court's decision. We affirm the district court's judgment.

### II. FACTUAL AND PROCEDURAL BACKGROUND

1

On June 2, 2015, MRS filed a complaint to collect on a debt owed by Lopez. MRS alleged that Lopez owed approximately $776.94, which included attorney fees in the amount of $285.47. Lopez failed to respond, and MRS filed an application for entry of default. The magistrate court denied MRS's request, and MRS filed a motion for reconsideration. On September 9, 2015, the magistrate court entered an amended default judgment, which specified that Lopez owed MRS $776.94, plus interest and costs. Subsequently, the magistrate court issued a writ of execution and order for continuing garnishment.

The Jerome County Sheriff served the writ of execution on Lopez's employer, Arlo Lott Trucking. However, it was returned unsatisfied, citing that Lopez no longer worked for Arlo Lott Trucking. MRS filed an application for continuing garnishment, and the Minidoka County Sheriff served the writ of execution and order for continuing garnishment on Lopez's new employer, B & H Farming. The judgment was satisfied on approximately August 23, 2016.

On September 6, 2016, MRS filed an application for an award of $908 in postjudgment attorney fees, which the magistrate court denied. MRS appealed the magistrate court's decision, arguing that the statutory language of Idaho Code section 12-120(5) provides that a court must award postjudgment attorney fees when a party has incurred reasonable fees in attempting to collect on a judgment. MRS also requested attorney fees and costs on its appeal to the district court under Idaho Code section 12-120(1), (3) and (5).

On March 1, 2017, the district court reversed the magistrate court's denial of postjudgment attorney fees. However, the district court denied MRS's request for attorney fees on appeal. The district court awarded costs on appeal under Idaho Appellate Rule 40, but MRS failed to file its memorandum within the required fourteen days. Consequently, the district court declined to award costs. MRS timely appealed.

### III. ISSUES ON APPEAL

1. Whether the district court erred when it failed to award MRS attorney fees on appeal despite the fact that MRS was the prevailing party.

2. Whether MRS is entitled to attorney fees on the current appeal.

### IV. STANDARD OF REVIEW

"The district court's decision to award attorney fees is reviewed under the abuse of discretion standard." *Stout v. Key Training Corp.*, 144 Idaho 195, 196, 158 P.3d 971, 972 (2007). "However, when an award of attorney fees depends on the interpretation of a statute, the standard of review for statutory interpretation applies." *Id*. "The interpretation of a statute is a question of law over which this

2

Court exercises free review." *Id.* (quoting *Carrier v. Lake Pend Oreille Sch. Dist. # 84*, 142 Idaho 804, 807, 134 P.3d 655, 658 (2006)).

*Simono v. House*, 160 Idaho 788, 791, 379 P.3d 1058, 1061 (2016).

## V. ANALYSIS

**A.      The district court did not err in denying MRS's request for attorney fees on appeal.**

MRS argues that because it was the prevailing party, the district court erred when it declined to award attorney fees on appeal under Idaho Code section 12-120(1), (3), or (5).

"It is well established that attorney fees and costs cannot be awarded unless they are authorized by statute or by contract." *Allison v. John M. Biggs, Inc.*, 121 Idaho 567, 568, 826 P.2d 916, 917 (1992). Idaho Code section 12-120 allows a court to award attorney fees in civil actions, and provides, in pertinent part, as follows:

> (1) Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.
> . . . .
>
> (3)  In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> . . . .
>
> (5)  In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment.

I.C. § 12-120 (1), (3), (5).

In *Credit Bureau of Eastern Idaho, Inc. v. Lecheminant*, 149 Idaho 467, 235 P.3d 1188 (2010), this Court addressed whether Idaho Code section 12-120(1) or (3) applied when a party was seeking to collect attorney fees on an appeal when the original action concerned collection

3

on a judgment. This Court held that "Idaho Code [section] 12-120(5) . . . is the exclusive fee provision and [Idaho Code section] 12-120(1) and (3) do not apply." *Id.* at 473, 235 P.3d at 1194. In so holding, this Court noted that, where more than one statutory provision appears to apply to the grant of attorney fees, the specific controls over the general. *Id.* Therefore, because Idaho Code section 12-120(5) was specific, *i.e.*, it related to a postjudgment action, it was exclusive. *Id.* Separately, this Court has explained that "[Idaho Code section] 12-120(3) does not provide for a post-judgment award of attorney fees." *Allison*, 121 Idaho at 568, 826 P.2d at 917. ("[A]fter judgment a cause of action based on a note is merged into the judgment thereby extinguishing the note as the basis for post-judgment collection proceedings.").

The facts of this case align closely with those in *Medical Recovery Services, LLC v. Siler*, 162 Idaho 30, 394 P.3d 73 (2017). Penny Siler failed to pay a bill, and her debt was assigned to MRS for collection. *Id.* at ___, 394 P.3d at 76. MRS obtained a default judgment for $1,170.93, which included $350.00 in attorney fees. *Id.* Approximately one year after the default judgment was entered, the parties agreed to a settlement. *Id.* Afterwards, MRS filed a request for postjudgment attorney fees, which the magistrate court denied. *Id.* MRS appealed, and the district court affirmed, finding that the magistrate court retained discretion as to whether attorney fees were proper. *Id.* MRS appealed, and this Court reversed the district court, holding that attorney fees were mandated under Idaho Code section 12-120(5). *Id.* at ___, 394 P.3d at 77. However, regarding MRS's request for attorney fees on appeal, this Court held that "[a] request for **postjudgment** attorney fees under section 12-120(5) is not a proceeding that would satisfy the requirements of subsections (1), (2), (3), or (4) of section 12-120." *Id.* at ___, 394 P.3d at 79 (emphasis added). Specifically, this Court explained that it denied MRS's request because "[t]o allow MRS to collect fees on appeal under section 12-120(5) would be to allow MRS to collect attorney fees for attempting to collect attorney fees, not for attempting to collect on the judgment." *Id.*

We hold that the district court did not err when it denied MRS's request for attorney fees on appeal. We are not persuaded by MRS's argument that it was entitled to attorney fees on appeal under Idaho Code section 12-120(1) and (3). When *Lecheminant* and *Siler* are read in conjunction it becomes clear that Idaho Code section 12-120(1) and (3) are not applicable to MRS's claim. In *Lecheminant*, this Court held that Idaho Code section 12-120(5) was the specific statute that applied to a party's request for attorney fees on an appeal from a proceeding

4

relating to the collection on a judgment. *Lecheminant*, 149 Idaho at 473, 235 P.3d at 1194 ("Idaho Code [section] 12-120(5) . . . is the exclusive fee provision [when collecting on a judgment] and [Idaho Code section] 12-120(1) and (3) do not apply."). This Court's analysis in *Siler* supports such a holding because in *Siler*, MRS requested attorney fees on appeal under Idaho Code section 12-120(1), (3), and (5). This Court followed its precedent in *Lecheminant* by focusing on the specific provision, section 12-120(5), instead of the general provisions, section 12-120(1) and (3). This Court concluded that attorney fees were not proper because the appeal related to the denial of attorney fees rather than an attempt to collect on the judgment. *Siler*, 162 Idaho at ___, 394 P.3d at 79 ("[a] request for postjudgment attorney fees under section 12-120(5) is not a proceeding that would satisfy the requirements of subsections (1), (2), (3), or (4) of section 12-120.").

We find that the district court properly reversed the magistrate court's judgment, determining that postjudgment attorney fees were mandatory under Idaho Code section 12-120(5). However, after the district court's decision, MRS was no longer trying to collect on a judgment. Instead, similar to the situation in *Siler*, MRS was attempting to collect attorney fees related to its previous attempt to collect attorney fees. According to *Lecheminant*, Idaho Code section 12-120(1) and (3) do not apply to such an attempt. Further, according to *Siler*, Idaho Code section 12-120(5) does not support such an award. Therefore, we find that the district court properly denied MRS's request for attorney fees on appeal.

## B.     MRS is not awarded attorney fees on the current appeal.

MRS also requests attorney fees and costs on the current appeal under Idaho Code section 12-120(1), (3) or (5). We decline to award attorney fees on this appeal for the same reasons outlined above.

## VI. CONCLUSION

We hereby affirm the district court's judgment denying MRS's request for attorney fees. We deny MRS's request for attorney fees on appeal.

Chief Justice BURDICK, Justice BRODY and Justices *pro tem* GRATTON and NORTON, CONCUR.