# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 48075

MICHAEL ALLEN, an individual;
CAMP BENCH HOLDINGS, LLC,
an Idaho limited liability company;
CAMP RIVER HOLDING, LLC, an
Idaho limited liability company; and
CAMPBELL FARMS, INC., an Idaho
corporation,

    Plaintiffs-Appellants,

v.

NEIL CAMPBELL, an individual; and
CAMPBELL CONTRACTING, LTD.,
a Nevada limited liability company,

    Defendants-Respondents.

Boise, June 2021 Term

Filed: August 3, 2021

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Joel E. Tingey, District Judge.

The decision of the district court is <u>affirmed</u> in part, <u>reversed</u> in part, <u>vacated</u> in part, and <u>remanded</u>.

Parsons, Behle & Latimer, Idaho Falls, attorneys for Appellant. John Cutler argued.

Cooper & Larson, Pocatello, and Turner Law Firm, Dunnellon, Florida, attorneys for Respondents. Veronica Saltz-Turner argued.

---

BEVAN, Chief Justice.

This is an appeal over an award of attorney fees. Appellants Michael Allen, Camp Bench Holdings, LLC, Camp River Holding, LLC, and Campbell Farms, Inc., (collectively, "Allen") appeal from two different district court decisions: one in which attorney fees were not awarded to Allen, and one in which attorney fees were awarded against Allen.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Allen and Neil Campbell shared ownership in Camp Bench Holdings, LLC, Camp River Holding, LLC, and Campbell Farms, Inc., (the "Entities"). Campbell was separately an owner/manager in Campbell Contracting, Ltd. ("Campbell Contracting").

In 2018, Michael Allen and Neil Campbell were at odds over the Entities' business operations and began discussing a separation of their interests. Various discussions took place between C. Edward Cather, the attorney for Allen, and Scott Smith, the attorney for Campbell. Part of these discussions included the partial payment on several invoices from Campbell Contracting.

The attorneys' discussions culminated in the following email from Smith to Cather, delivered on November 26, 2018:

> Neil accepts the last verbal offer relayed by you on behalf of Mike. That is – Neil agrees to transfer his interest in Campbell Farms, Camp Bench, and Camp River to Mike in exchange for (1) the 180-190 acres identified in you[r] November 20th letter, and the buildings, fixtures, and structures located thereon, free and clear of any encumbrance, debt, or lien, (2) the payment by Mike to Neil of a lump sum of $85,000, (3) a mutual release between the parties, and (4) each party paying their own attorney fees – all contingent upon Neil's release from any obligations, including without limitation any personal guarantees, relating to these three entities.

Thereafter, the attorneys began drafting a written agreement. There were some disputes regarding phrases and wording as the attorneys worked through different proposed drafts. On December 21, 2018, Smith tried to send Cather an email with a "current proposed Settlement Agreement" attached, suggesting that it was "very similar to [Cather's] last draft." However, the email was sent to an outdated email address and did not reach Cather. Soon after, Cather attempted to contact Smith to determine the status of the written agreement, but Campbell retained new counsel who took the position that no settlement agreement was ever reached. No written agreement was ever signed.

The parties then began a long procedural journey that took them to both the state and federal courts. On January 23, 2019, Allen filed a verified complaint in state court for declaratory judgment, tortious interference with contract, breach of contract, and breach of the covenant of good faith and fair dealing against Neil Campbell and Campbell Contracting (collectively, "Respondents"). Allen sought a declaration that the terms in the November 26 email constituted a settlement agreement between him and the Respondents. The verified complaint was later amended, adding claims for equitable estoppel and tortious interference with prospective economic

2

advantage. In answering, the Respondents maintained that no agreement had been reached and otherwise denied Allen's claims. After two unsuccessful attempts to remove the case to federal court, and a number of lengthy discovery disputes, both parties moved for summary judgment on the same day.

Respondents first argued that summary judgment should be granted in favor of Campbell Contracting because it was never a party to any settlement negotiations or the purported settlement agreement allegedly reached on November 26th. Respondents separately claimed that summary judgment should be granted in favor of Neil Campbell against the Entities because they lacked standing. Thus, the Respondents maintained that the only legitimate issue before the district court was whether Allen and Neil Campbell had reached a settlement agreement on November 26, 2018, contending that no agreement was reached because there was no "meeting of the minds."

Allen countered, arguing that "[e]veryone intended and understood Scott Smith's November 26 email to create a binding settlement agreement between the parties." Allen requested a judgment stating that the November 26 settlement agreement was enforceable and that Neil Campbell individually as well as Campbell Contracting breached the agreement.

On September 3, 2019, the district court entered a memorandum decision and order granting the Respondents' motion for summary judgment after finding there was no enforceable settlement agreement. Critical to the district court's decision was its finding that the November 26 email did not include Campbell Contracting as a party. The district court then entered a judgment dismissing Allen's amended complaint with prejudice.

On September 18, 2019, Allen moved to reconsider, to alter or amend the judgment, or for relief from the judgment. On the same day, the Respondents filed a memorandum of costs and attorney fees, seeking $195,203.23. The Respondents had retained two law firms to represent them in these proceedings. The Respondents first requested $161,865 for time and labor spent by Turner Law Firm defending Neil Campbell, and $5,175 for time spent on behalf of Campbell Contracting. The Respondents requested $18,300 in attorney fees for time spent by the second law firm, Cooper & Larsen, without distinguishing between time spent defending Neil Campbell versus Campbell Contracting. Allen moved to disallow costs and attorney fees.

On October 30, 2019, the district court entered a memorandum decision and order granting Allen's motion to reconsider in part. Reversing its prior decision, the court found the parties reached an enforceable contract constituting a buyout of Neil Campbell's interest in the Entities as

3

stated in the November 26 email; however, the court adhered to its conclusion that the agreement did not include a settlement of any claim held by Campbell Contracting against the Entities. The district court dismissed Allen's equitable estoppel claim because Allen had received an adequate remedy at law. The court also reinstated portions of the amended complaint, holding that Allen's breach of contract and tortious interference claims were premature, resetting the trial date on those claims to take place the following year.

Following this order, Allen moved for entry of judgment, or in the alternative a Rule 54(b) certificate seeking "finality" and arguing that the district court's previous order "should have resulted in the entry of final judgment." Allen argued that when the district court determined that the breach of contract and tortious interference claims were premature, the proper procedure was to dismiss those claims. The Respondents opposed Allen's motion and filed a motion for reconsideration of the district court's October 30, 2019, order.

On January 21, 2020, the district court entered a memorandum decision and order denying the Respondents' motion for reconsideration and granting Allen's motion for final judgment. The court then entered the following judgment:

> As to Count 1 of the Amended Complaint [seeking declaratory relief], Plaintiff Michael Allen entered into a contract with Neil Campbell to purchase his interests in Camp Bench Holdings, LLC, Camp River Holding, LLC, and Campbell Farms, Inc., as follows:
>
>> Neil accepts the last verbal offer relayed by you on behalf of Mike. That is – Neil agrees to transfer his interest in Campbell Farms, Camp Bench, and Camp River to Mike in exchange for (1) the 180-190 acres identified in you[r] November 20th letter, and the buildings, fixtures, and structures located thereon, free and clear of any encumbrance, debt, or lien, (2) the payment by Mike to Neil of a lump sum of $85,000, (3) a mutual release between the parties, and (4) each party paying their own attorney fees – all contingent upon Neil's release form any obligations, including without limitation any personal guarantees, relating to these three entities.
>
> Count 2 [Equitable Estoppel] of the Amended Complaint is dismissed with prejudice.
>
> Counts 3, 4, and 5 of the Amended Complaint [Tortious Interference with Contract/Prospective Economic Advantage, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing] are dismissed without prejudice.
>
> All claims against Campbell Contracting, LTD[.,] are dismissed with prejudice.

4

Both parties later[1] filed timely memoranda of costs and attorney fees as well as objections to the opposing parties' fees and costs. On May 18, 2020, the district court entered an order: (1) awarding Campbell Contracting attorney fees and costs as the prevailing party; and (2) finding there was no prevailing party between Allen and Neil Campbell. The district court then entered a judgment awarding Campbell Contracting $30,716 in attorney fees and $1,688.58 in costs. Allen filed a timely notice of appeal.

## II. ISSUES ON APPEAL

1.  Whether the Respondents' brief violates Idaho Appellate Rule 35(b)(6) because it includes no citations to authority.

2.  Whether the district court erred when it held that Allen did not prevail against Neil Campbell, thus, Allen had no right to attorney fees under Idaho Code section 12-120(3).

3.  Whether the district court erred when it awarded Campbell Contracting attorney fees as the prevailing party against Allen.

4.  Whether Allen is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

"The determination of whether a party prevailed for purposes of an attorney fee award is a discretionary decision of the trial court." *Wadsworth Reese, PLLC v. Siddoway & Co., PC*, 165 Idaho 364, 369, 445 P.3d 1090, 1095 (2019) (citing *Israel v. Leachman*, 139 Idaho 24, 26, 72 P.3d 864, 866 (2003)). "Accordingly, this Court reviews the district court's determination to deny attorney fees for an abuse of discretion." *Id*. "As long as the court correctly perceived the issue as one of discretion, acted within the outer boundaries of its discretion, acted consistently with the legal standards applicable to the specific choices available to it, and reached its decision by the exercise of reason, we will not disturb the decision on appeal." *Id.* (citing *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

## IV. ANALYSIS

### A. The Respondents' briefing complies with this Court's precedent interpreting Idaho Appellate Rule 35(b)(6).

As an initial matter, Allen argues that the Respondents' briefing on appeal violates Idaho Appellate Rule 35 because it includes no citations to legal authorities. Idaho Appellate Rule

---

[1] Notably, this was Respondents' second memorandum of costs and attorney fees and it varied in significant respects from their first memorandum, as is discussed in detail below.

35(b)(6) requires that a respondent's brief "contain the contentions of the respondent with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." This rule mirrors Idaho Appellate Rule 35(a)(6), relating to an appellant's brief. This Court has held that non-compliance with Rule 35(a)(6) constitutes a waiver of that assignment of error. *Idaho Power Co. v. Cogeneration, Inc.*, 134 Idaho 738, 745, 9 P.3d 1204, 1211 (2000) (citing *Estes v. Barry*, 132 Idaho 82, 87, 967 P.2d 284, 289 (1998); *Weaver v. Searle Bros.*, 129 Idaho 497, 503, 927 P.2d 887, 893 (1996)).

Although the language is identical under both rules, this Court has emphasized the reasoning behind finding waiver against an appellant under Rule 35(a)(6) lies in the fact that it is the appellant that bears the burden of proving error. *Idaho Power*, 134 Idaho at 745, 9 P.3d at 1211. In contrast, a respondent bears no such burden. Thus, enforcing a waiver against a respondent and striking its brief would be erroneous. While this Court welcomes and encourages citation to relevant and persuasive authority in any party's briefing, the failure of a respondent to do so is not fatal to its task to require an appellant to be put to its burden of demonstrating error.[2] In sum, "[t]he appellate rules are designed to facilitate thorough adjudication of relevant issues; and, although arguments made by the respondent would further those ends, this Court must make an independent determination of whether the appellant has carried its burden sufficiently to show that error has occurred." *Id*. Thus, despite the Respondents' deficient briefing on appeal, we must still determine whether Allen has shown that the district court erred.

**B.** **The district court erred in determining there was no prevailing party between Allen and Neil Campbell.**

The district court found that there was no overall prevailing party in the litigation between Allen and Neil Campbell. In reaching this conclusion, the court stated that "[t]he only rulings [it] made in this case were (1) that a binding agreement did in fact exist between Allen and Campbell and (2) the terms of that agreement." The district court explained that because Allen received different relief than what he first sought, he was not the prevailing party on the declaratory action. The district court also noted that while Campbell could be considered successful in having many claims against him dismissed, Campbell opposed the district court's ultimate determination of the declaratory action between the parties, arguing that no binding contract existed at all. Thus, the

---

[2] We note that this same reasoning would not apply to a respondent's cross-appeal.

court found that there was no overall prevailing party on the claims between Allen and Neil Campbell.

The determination of whether a party prevailed for purposes of an attorney fee award is a discretionary decision of the trial court. *Wadsworth Reese, PLLC v. Siddoway & Co., PC*, 165 Idaho 364, 369, 445 P.3d 1090, 1095 (2019) (citing *Israel v. Leachman*, 139 Idaho 24, 26, 72 P.3d 864, 866 (2003)). Idaho Rule of Civil Procedure 54(d)(1)(B) governs the prevailing party inquiry and provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B).

Rule 54(d)(1)(B) directs the court to consider, among other things, how well each party prevailed relative to the "final judgment or result." *Hobson Fabricating Corp. v. SE/Z Const., LLC*, 154 Idaho 45, 49, 294 P.3d 171, 175 (2012). When there are claims and counterclaims between opposing parties, "the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Id*. (quoting *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc*., 141 Idaho 716, 719, 117 P.3d 130, 133 (2005)). This Court has thus held that the trial court has the discretion to decline an award of attorney fees when it determines that both parties have prevailed in part. *Id*. (citing *Oakes v. Boise Heart Clinic Physicians*, 152 Idaho 540, 545, 272 P.3d 512, 517 (2012)).

Allen argues the district court abused its discretion in four ways. First, Allen asserts the district court erred in conducting a claim-by-claim analysis because the proper determination of a prevailing party does not turn on "who succeeded on more individual claims, but rather [on] who succeeded on the main issue of the action." Second, Allen alleges the district court impermissibly conflated Neil Campbell with his co-defendant Campbell Contracting in its prevailing party analysis. Third, Allen claims the district court erroneously credited Neil Campbell with Allen's voluntary dismissal of certain claims. Last, Allen argues the district court erred by undervaluing Allen's declaratory relief.

7

We agree with Allen's contention that the district court erred under the fourth prong of *Lunneborg* through a failure to exercise appropriate reason. The district court erroneously conflated Neil Campbell with Campbell Contracting in its prevailing party analysis. Idaho Rule of Civil Procedure 54 requires the prevailing party analysis be conducted among the "respective parties." I.R.C.P. 54(d)(1)(B).

In his amended complaint, Allen sought:

> [A] declaratory judgment against Defendants, establishing that there is a binding agreement between the parties and that the terms of the settlement agreement are as follows: Neil Campbell agrees to transfer his interest in Campbell Farms, Camp Bench, and Camp River to Michael Allen in exchange for (1) the 180-190 identified acres, and the buildings, fixtures, and structures located thereon, free and clear or any encumbrance, debt, or lien, (2) payment of $85,000 to Defendants, (3) a mutual release between the parties, (4) each party paying their own attorney fees; and (5) Neil Campbell's release from any obligations, including without limitation any personal guarantees, relating to Plaintiff Entities.

The district court granted the following relief:

> As to Count 1 of the Amended Complaint, Plaintiff Michael Allen entered into a contract with Neil Campbell to purchase his interests in Camp Bench Holdings, LLC, Camp River Holding, LLC, and Campbell Farms, Inc., as follows:
>
> Neil accepts the last verbal offer relayed by you on behalf of Mike. That is – Neil agrees to transfer his interest in Campbell Farms, Camp Bench, and Camp River to Mike in exchange for (1) the 180-190 acres identified in you[r] November 20th letter, and the buildings, fixtures, and structures located thereon, free and clear of any encumbrance, debt, or lien, (2) the payment by Mike to Neil of a lump sum of $85,000, (3) a mutual release between the parties, and (4) each party paying their own attorney fees – all contingent upon Neil's release from any obligations, including without limitation any personal guarantees, relating to these three entities.

Thus, the relief granted by the district court is identical to that requested by Allen, other than its omission of Campbell Contracting as a party to the agreement.

The district court initially dismissed Allen's complaint based on its determination that Campbell Contracting was not a party to the settlement agreement. Then, in partially granting Allen's motion to reconsider, the district court distinguished between Neil Campbell and Campbell Contracting, concluding that Allen entered into a settlement agreement with Neil Campbell, while remaining steadfast in its determination that Campbell Contracting was not a party to that

8

agreement. In conducting its prevailing party analysis, the district court treated Campbell Contracting as a separate entity when it considered who prevailed between Campbell Contracting and Allen, but inexplicably conflated Campbell Contracting and Neil Campbell in the prevailing party analysis between Allen and Neil Campbell. Allen received the relief he requested against Neil Campbell; thus, the district court erred in concluding that Allen was not the prevailing party. Because we reverse on these grounds, we need not address Allen's alternative assignments of error.

With this reversal, Allen suggests that this Court should enter an award of attorney fees without further proceedings because "Campbell did not object to the reasonableness of the fees Allen requested and Allen's request was supported by competent evidence to the [d]istrict [c]ourt that is in the record on appeal." Although Campbell did not object to the reasonableness of specific billing entries, the remedy is not for this Court to automatically grant all the fees Allen requested. Rather, "[w]ithout a timely objection, the *district court* [does] not have to include a written decision addressing the [Idaho] Rule [of Evidence] 54(e)(3) factors." *Frizzell v. DeYoung*, 167 Idaho 801, 812, 477 P.3d 236, 247 (2020) (emphasis added). We reverse the district court's determination there was no prevailing party between Allen and Neil Campbell and remand the case so the district court can award Allen reasonable attorney fees. On remand, the district court's determination on the amount of fees must be based on what the parties previously submitted — Allen's memorandum of costs and attorney fees and Campbell's objection, rather than accepting any new evidence in that regard.

**C.    The district court did not abuse its discretion when it concluded that Campbell Contracting was the prevailing party between Allen and Campbell Contracting. Even so, the district court erred in failing to respond to Allen's evidentiary objections and explain the amount of attorney fees it awarded.**

As to Campbell Contracting's award of attorney fees, Allen first argues the district court erred when it determined that Campbell Contracting was the prevailing party. In particular, Allen argues that the district court should have considered the preclusive effect the declaratory judgment had on Campbell Contracting's ability to pursue payment on several invoices cited in the complaint. Although Campbell Contracting did not file a compulsory counterclaim for payment on the invoices, the district court correctly found it could not make a prevailing party analysis based on a claim that was never raised. Idaho Rule of Civil Procedure 54(d)(1)(B) directs the court to consider "the final judgment or result of the action in relation to the relief sought by the

respective parties." The district court found that Campbell Contracting was the prevailing party based on its success in having all the claims against it dismissed. We agree.

Next, Allen argues the district court abused its discretion in the amount of attorney fees awarded to Campbell Contracting. "[T]he calculation of a reasonable attorney fee is within the trial court's discretion." *H2O Envtl., Inc. v. Farm Supply Distributors, Inc.*, 164 Idaho 295, 299, 429 P.3d 183, 187 (2018) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). "When awarding attorney's fees, a district court must consider the applicable factors set forth in I.R.C.P. 54(e)(3) and may consider any other factor that the court deems appropriate." *Smith v. Glenns Ferry Highway Dist.*, 166 Idaho 683, 701, 462 P.3d 1147, 1165 (2020) (quoting *Lettunich v. Lettunich*, 145 Idaho 746, 749–50, 185 P.3d 258, 261–62 (2008)). It is not enough for a trial court to acknowledge the existence of the Rule 54(e)(3) factors. Instead, it must appear that there is a reasoned application of those factors in the trial court's decision on the amount of attorney fees to be awarded. *H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188; *Burns Concrete, Inc. v. Teton Cnty.*, 168 Idaho 442, ___, 483 P.3d 985, 1005 (2020) (vacating and remanding attorney fee award with instruction to explain how the application of Rule 54(e)(3) factors logically lead to the specific amount of fees awarded).

In awarding Campbell Contracting attorney fees as the prevailing party, the district court stated that it had reviewed the record, Campbell Contracting's memorandum of costs, and the affidavit filed in support. The district court then stated it considered the factors set out in Idaho Rule of Civil Procedure 54(e)(3), including, but not limited to, the time required, the novelty and difficulty of the case, prevailing rates for attorney fees, the amount in dispute, and duplication of effort. The court noted that despite the aggressive and contentious nature of the litigation, the issues were not that complex or unusual. After recognizing that some of the evidence of attorney fees was not segregated between Campbell Contracting and Neil Campbell, the district court awarded Campbell Contracting $30,716 in attorney fees and $1,688.58 in costs.

Although the district court's discussion of the Rule 54(e) factors would ordinarily be sufficient, the district court erred by failing to address several evidentiary objections Allen raised. In particular, the district court did not address Allen's objection that Turner Law Firm's attorney

10

fees dramatically increased from $5,175 in its initial cost memorandum to $60,345[3] after the court granted Allen's motion to reconsider. Veronica Turner, as affiant for the Turner Law Firm, sought to explain the discrepancy as simply "failing to properly allocate the time [she] expended in [her] defense of Campbell Contracting, Ltd. and the time expended in the defense of co-defendant Neil Campbell." However, in Turner's original affidavit, she divided her time between the two defendants, requesting $161,865 for Neil Campbell, and only $5,175 for Campbell Contracting. If that allotment was a mistake, it should have been immediately apparent to Turner as well as Neil Campbell and Campbell Contracting. In the initial request, Turner affirmed "[t]he costs, expenses and fees set forth in the exhibits attached to this affidavit are true and correct." That assertion is later belied by the fact that the amount of attorney fees claimed in defending Campbell Contracting increased over ten-fold. At a minimum, it raises a red flag when a party reassesses its initial fee request in such a substantial way—and increases a prior request for fees—after receiving a reformed ruling from the district court.

Based on this staggering increase, Allen argues that the hours submitted by the Turner Law Firm should have been excluded as hearsay and unreliable. "[C]ourts make cost determinations based upon declarations filed by the counsel seeking a fee or cost award." *Lola L. Cazier Revocable Tr. v. Cazier*, 167 Idaho 109, 119, 468 P.3d 239, 249 (2020). As a result, this Court has recognized that "the Idaho Rules of Evidence do not apply to documents filed regarding an award of attorney fees or costs that contain statements regarding the reasonableness, necessity or amount of costs or attorney fees incurred in a litigation." *Id*. That said, "[t]o the extent that declarations or affidavits supporting or opposing an attorney fee or cost award include hearsay statements that go beyond the nature, amount or reasonableness of attorney fees or costs, those statements remain subject to the limits of the hearsay rule." *Id.* (citing I.R.E. 801).

Turner's affidavit was limited to the nature, amount, and reasonableness of attorney fees; thus, the hearsay rules do not apply here. Even so, a party changing its position in such a significant way after a new ruling is questionable on its face and demands that the trial court address it head-on, as a matter of credibility, which determination the trial court is uniquely required to make. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (referencing the trial

---

[3] The full amount Turner requested was $71,865 on behalf of Campbell Contracting, however, Allen does not appear to challenge the $11,520 that was requested for the period of "9/16/19 to 2/10/19 [sic]."

11

court's "special role" to weigh evidence and judge witnesses' credibility). The district court erred under the fourth prong of *Lunneborg* by failing to address the drastic increase in the amount Turner requested, as well as the fact that the invoice originally submitted for Campbell Contracting went from one page with thirteen time entries, to ten pages with more than one-hundred and fifty entries.

When Allen objected below, he argued that Campbell Contracting had shifted "tens of thousands" of Neil Campbell's fees to Campbell Contracting, with no evidence of a "pre-existing, neutral arrangement for the allocation of defense costs between co-defendants" and their counsel. In addition, Allen objected to Cooper & Larson's time after they claimed at least a third of the firm's fees were spent defending Campbell Contracting even though there was no evidence Campbell Contracting was invoiced or obligated to pay for this time. After the district court partially granted Allen's motion to reconsider, an attorney with Cooper & Larson represented that "[o]f the attorney fees, at least a third of those fees, or $7,332.93, were spent on defending Campbell Contracting." However, as noted above, in the Respondents' initial memorandum of costs and attorney fees, the Respondents, including both law firms, only requested the $5,175 amount identified by Turner for time spent defending Campbell Contracting. Based on the lack of apportionment of Cooper & Larson's work between Neil Campbell and Campbell Contracting, the Respondents needed to produce evidence to support their claim that "a third of the fees" were attributable to Campbell Contracting. The veracity of counsel's bald assertion that it was "at least a third" of the amount charged bears close examination and analysis by the district court on remand.

Although we affirm the district court's determination that Campbell Contracting was the prevailing party, the district court erred under the fourth prong of *Lunneborg* in failing to respond to Allen's objections to the amount of fees awarded. Thus, we vacate the district court's award of attorney fees to Campbell Contracting and remand the matter with instructions to the district court to explain how applying the factors in Idaho Rule of Civil Procedure 54(e)(3) logically lead to the specific amount of fees awarded in this case. *Burns Concrete*, 168 Idaho at ___, 483 P.3d at 1005; *see also H2O Envtl.*, 164 Idaho at 300, 429 P.3d at 188 (holding that upon determination that a district court has abused its discretion, the appropriate remedy is to remand the case for reconsideration in light of the correct legal standard). While the district court referenced the Rule 54(e)(3) factors, it failed to exercise reason by providing any meaningful explanation about what fees were ultimately awarded based on Allen's objections.

Allen also argues that Campbell Contracting's request for costs lacked evidentiary support. Campbell Contracting is entitled to costs as a matter of right as the prevailing party. I.R.C.P. 54(d)(1)(A). That said, when the district court awarded Campbell Contracting $1,688.58 in costs it failed to explain what costs were attributable to Campbell Contracting as the prevailing party, versus Neil Campbell, who was not entitled to recover costs. Thus, we vacate the district court's award of costs with instructions to explain what costs were incurred by Campbell Contracting.

**D. We award Allen attorney fees on appeal against Neil Campbell.**

Allen requests attorney fees on appeal. Idaho Code section 12-120 generally allows this Court to award reasonable attorney fees on appeal that are "incurred in connection with the effort to secure a reasonable amount of attorney fees." *Med. Recovery Servs., LLC v. Siler*, 162 Idaho 30, 36, 394 P.3d 73, 79 (2017) (quoting *BECO Constr. Co. v. J-U-B Eng'rs Inc.*, 149 Idaho 294, 298, 233 P.3d 1216, 1220 (2010), *overruled on other grounds by Keybank Nat'l Ass'n v. PAL I, LLC*, 155 Idaho 287, 311 P.3d 299 (2013)).

As the prevailing party, we award Allen attorney fees associated with his appeal against Neil Campbell. *Siler*, 162 Idaho at 36, 394 P.3d at 79. We decline to award Allen attorney fees for his appeal against Campbell Contracting. Although we have vacated the district court's award of attorney fees to Campbell Contracting, we have also affirmed the determination that Campbell Contracting was the prevailing party; thus, each party prevailed in part. *AgStar Fin. Servs., ACA v. Nw. Sand & Gravel, Inc.*, 168 Idaho 358, 483 P.3d 415, 431 (2021) (declining to award attorney fees when both parties prevailed). We therefore decline to award Allen attorney fees incurred in prosecuting the appeal of the judgment for Campbell Contracting.

**V. CONCLUSION**

We reverse the district court's determination that there was no prevailing party between Allen and Neil Campbell. Although the district court dismissed the claim against Campbell Contracting, Allen prevailed on the material terms of the agreement against Neil Campbell. On remand, the district court is instructed to award reasonable attorney fees to Allen based on the materials the parties previously filed. We affirm the district court's determination that Campbell Contracting was the prevailing party, but vacate the amount of the attorney fee and cost award and remand the case so that the district court can respond to Allen's objections and explain how applying the factors in Idaho Rule of Civil Procedure 54(e)(3) logically lead to the specific amount

of fees and costs awarded in this case. Further, as the prevailing party on appeal, we award Allen attorney fees and costs associated with his appeal against Neil Campbell.

JUSTICES BRODY, STEGNER, MOELLER and Justice *pro tem* SCHROEDER, CONCUR.