# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48610

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 18, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DUSTIN MARK JOHNSTON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dustin Mark Johnston appeals from his judgment of conviction for possession of a controlled substance. Johnston argues that the district court abused its discretion by not imposing sanctions for the State's failure to comply with a scheduling order. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Johnston with possession of methamphetamine, Idaho Code § 37-2732(c)(1), with a persistent violator enhancement, I.C. § 19-2514. The district court entered a scheduling order detailing, in part, the preparation of exhibits for use at trial. With regard to audio and video exhibits, the order stated that notice and a copy of any redacted recordings must be

1

produced "in sufficient time before the pretrial so that the matter can be resolved prior to the pretrial."

The State sent two unredacted videos to Johnston's trial counsel on June 7, 2017, approximately four months prior to the jury trial set for October 3, 2017. The State filed an Exhibit List that identified the videos on August 24, prior to the pretrial conference scheduled for September 18. On the morning of trial, Johnston raised concerns that the State had failed to produce proposed redacted copies of the videos prior to trial, arguing that the State's failure to do so violated the court's scheduling order. Johnston identified several potential remedies, including dismissal of the case, exclusion of the evidence, and a continuance of the trial. The prosecutor stated that it would be practically impossible to redact recordings for each case that is scheduled for pretrial and argued that dismissal or exclusion was inappropriate because Johnston had access to the unredacted videos for several months, and any redactions were done to remove portions that were prejudicial to Johnston. The prosecutor further argued that a continuance was likewise unwarranted, as the redacted versions were short enough to review in a "couple minutes."

The district court noted the prosecutor's statement that it would be practically impossible to redact all videos prior to pretrial in each case was "well taken," but the court advised the State should have filed a motion for relief from that portion of the scheduling order so that the court could rule on it in advance. After confirming that Johnston had access to the unredacted recordings prior to trial, the district court declined to grant the sanctions suggested by Johnston. Instead, the district court decided that Johnston's counsel would be given an opportunity to review the redacted recordings prior to their presentation to the jury. After the lunch hour, the district court asked Johnston if he "had a full and fair opportunity to review the State's proposed audio and video exhibits." Johnston's counsel stated that, while he was able to review the redacted videos once, he would like more time to compare it to the original to "see if there's anything additional that should have been added." Counsel also raised an objection over the use of the term "caseworker" in the videos. The district court overruled the objection, finding that the use of the term was not unduly prejudicial, and noted that any portion of the unredacted video that Johnston wanted to present to the jury could be shown the next day. The evidence was admitted and the district court reminded Johnston at the end of the first day of trial to review the unredacted videos for any part that he would like to present to the jury. Ultimately, Johnston did not present any additional video from the unredacted recordings.

2

Johnston was convicted of possession of a controlled substance, with a persistent violator enhancement. Johnston timely appealed from the amended judgment entered following Johnston's post-conviction action.[1]

## II.

## ANALYSIS

Johnston argues that the district court abused its discretion when it declined to impose sanctions for the State's failure to provide copies of the redacted videos prior to the pretrial conference, as required by the court's scheduling order. Johnston relies almost exclusively on civil rules to argue that the district court failed to act consistently with the legal standards applicable to the specific choices before it.[2] However, the civil rules raised by Johnston are not applicable to this criminal case, and we decline to apply them. In a criminal case, whether a sanction would be imposed at all is discretionary with the trial court. *State v. Stradley*, 127 Idaho 203, 208, 899 P.2d 416, 421 (1995). Therefore, we review the district court's decision on whether to impose sanctions for an abuse of discretion.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Our appellate courts have often said that when an issue of late disclosure of prosecution evidence is presented, the inquiry on appeal is whether the lateness of the disclosure so prejudiced the defendant's preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial. *State v. Byington*, 132 Idaho 589, 592, 977 P.2d 203, 206

---

[1] The amended judgment was specifically entered "in order to reopen the period for Johnston to appeal from the Judgment of Conviction entered on February 6, 2018."

[2] Johnston also argues that the State's failure to respond to the merits of his arguments regarding application of the civil rules (and instead arguing the civil rules are inapplicable) means the State "waived those issues on appeal." Johnston is incorrect. *See Allen v. Campbell*, 169 Idaho 125, 130, 492 P.3d 1084, 1089 (2021) (explaining that, although the "Court welcomes and encourages citation to relevant and persuasive authority in any party's briefing, the failure of a respondent to do so is not fatal to its task to require an appellant to be put to its burden of demonstrating error" because the Court ultimately makes the determination of whether the appellant met its burden of showing error).

(1999) (quoting *State v. Olsen*, 103 Idaho 278, 283, 647 P.2d 734, 739 (1982)). This ordinarily requires that the complaining party demonstrate that the late disclosure hampered his ability to meet the evidence at trial, *State v. Miller*, 133 Idaho 454, 456-57, 988 P.2d 680, 682-83 (1999), had a deleterious effect on his trial strategy, *United States v. Marshall*, 132 F.3d 63, 68, (D.C. Cir. 1998); *United States v. Camargo-Vergara*, 57 F.3d 993, 999 (11th Cir. 1995); *United States v. Lanoue*, 71 F.3d 966, 976-78 (1st Cir. 1995) (abrogated on other grounds), or deprived him of the opportunity to raise a valid challenge to the admissibility of evidence. *Camargo-Vergara*, 57 F.3d at 999.

There is no dispute that the State failed to comply with the scheduling order in this case in relation to providing audio or video recordings prior to the pretrial conference. Johnston raised three possible sanctions for the State's failure to do so: dismissal, exclusion, and continuance of the trial. The district court recognized each and acknowledged that it had discretion to sanction the State as necessary. In addition to the sanctions raised by Johnston, the district court was also free to consider whether no sanctions should be imposed or whether to craft a remedy to ensure that Johnston received a fair trial. We address each of these options and the district court's exercise of its discretion below.

The district court considered whether dismissing the case would be an appropriate sanction for the State's failure to provide the redacted videos, but declined to do so. This was due to its finding that the State had not acted in bad faith in failing to provide the redacted recordings. While the district court admonished the State for failing to follow the scheduling order and suggested how to better proceed under similar circumstances in the future, the district court determined that dismissal of the case would have been an extreme and inappropriate remedy. In so doing, the district court correctly perceived the issue as one of discretion and rightly determined that dismissal was inappropriate. Therefore, the district court did not abuse its discretion by declining to dismiss the case.

The district court likewise considered whether exclusion of the evidence would have been an appropriate remedy. However, in ultimately admitting the evidence, the district court impliedly found that this was not the most appropriate option under the circumstances. Rather, largely due to the fact that Johnston had access to the unredacted videos for months leading up to the trial and that the State intended to use the videos, the district court elected to craft a remedy that would allow the evidence to be admitted while preserving Johnston's right to a fair trial. This option was

well within the district court's discretion. Moreover, had the redacted videos included any prejudicial content, Johnston had every opportunity to object to its inclusion prior to trial, as he was familiar with the unredacted versions.[3] In fact, Johnston did raise an objection to the use of the term "caseworker" within the redacted videos on the day of trial, which was overruled and not challenged on appeal. The only issue remaining was whether evidence had been removed from the videos that Johnston wished to have included. Exclusion would not have been an appropriate remedy where Johnston's only remaining concern was whether evidence he wanted admitted was lacking. Rather, the district court gave Johnston an opportunity to present any footage he thought should have been included, which Johnston ultimately decided against.

Similarly, the district court also declined Johnston's request for a continuance, again electing to craft a remedy to protect Johnston's right to both a speedy and fair trial. Rather than delay the trial when both parties were prepared, the district court elected to allow Johnston time to review the redacted videos which were brief enough to review in a short amount of time. After reviewing the videos, Johnston found only the caseworker terminology objectionable, but again requested more time to make sure that there was nothing redacted that should have been included. The district court noted that Johnston had access to the unredacted videos for months before trial, and had the opportunity to present any part of the unredacted videos he so chose. The district court even went so far as to remind Johnston at the end of the first day to review the videos for anything he would like to have admitted. Johnston's choice to decline to present any part of the unredacted videos supports the district court's exercise of discretion in declining to continue the case. Johnston only identified one objectionable portion of the redacted videos, which the district court addressed, and the videos apparently excluded nothing that Johnston wanted admitted. The district court correctly exercised its discretion in crafting a remedy to the State's violation of the pretrial scheduling order.

---

[3] On appeal, Johnston argues that "it appears trial counsel missed the fact that one of the late-disclosed exhibits contained evidence which likely violated his Fourth Amendment rights in trying to review the late-disclosed exhibits and handle the ongoing trial proceedings." From this, Johnston suggests that he was prejudiced in his ability to prepare for trial. This argument is not well-taken. To the extent Johnston is suggesting counsel was deficient in some way, such a claim could and should have been raised in the post-conviction case that preceded this appeal. Moreover, any assertion that Johnston's trial counsel would have done something different vis-à-vis trial is entirely speculative.

### III.

### CONCLUSION

The district court did not abuse its discretion by declining to sanction the State for failing to follow the scheduling order. Rather, the district court correctly exercised its discretion in crafting a remedy to ensure a fair trial. Therefore, we affirm the district court's judgment of conviction.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.